Mr. Harris and Mr. Davis for plaintiff.

Mr. Marsh and Mr. Humphreys for defendant.

---

## IN EQUITY.—APRIL, 1856.

### J. R. WILLIAMS and KAAIKAULA WILLIAMS, Administrators of the Estate of J. W. Opunui, *vs.* KAEA.

A conveyance of real estate by the intestate to defendant, in payment of a claim for labor and services, the consideration appearing to be far below the actual value of the property, was treated by the court as a mortgage, and the defendant ordered to re-convey to the administrators on being paid the amount of his claim with interest,

CHIEF JUSTICE LEE delivered his decision as follows:

The complainants, who are the administrators upon the estate of

the late J. W. Opunui, of Ewa, set forth in their Bill, that in the month of March, 1852, the said J. W. Opunui, being in embarrassed circumstances, made a collusive conveyance of two pieces of land to the defendant, without consideration, for the purpose of defrauding the creditors of the said Opunui; and pray the court to set aside the conveyance and decree the defendant to account for the rents and profits of the land, for the benefit of Opunui's estate.

The defendant, in his answer, traverses the complainant's allegation of collusion and fraud, and states that the land was conveyed to him by Opunui, in satisfaction of a debt of two hundred dollars, due to the defendant for labor and services rendered by him in the building and plastering of an adobe house.

Evidence has been given tending to show that Opunui, who was tax collector of the district of Ewa, became involved in difficulty with the government about his accounts, and that to prevent his property from being seized, he conveyed certain portions of it to third parties in trust. Some evidence has also been adduced of declarations, made by both Opunui and the defendant, that the land in question was transferred with intent to prevent its being seized. Several of the witnesses also testified that the price for which the land is said to have been conveyed to the defendant, is not more than one fourth or one fifth of its real value.

The defendant produces a written agreement, between Opunui and himself, dated 21st October, 1851, for the building and plastering of an adobe house, for which defendant was to be paid $200, on the completion of the work. Also, a document dated 5th January, 1852, signed by Opunui, in which he states that he had granted and conveyed the land to defendant, in payment of the $200; and, lastly, a warranty deed of the land from Opunui and wife, dated 19th March, 1852, the consideration mentioned in which is $200. Evidence was also introduced in proof of the defendant's having worked more or less on the house, although to what extent, does not appear very clear.

Upon a full consideration of the whole case, I am of the opinion, that the complainants have failed to prove that the conveyance of the land, by Opunui to the defendant, was without consideration, collusive and fraudulent, and effected for the purpose of evading the claims of creditors; but the circumstances of the case are such as induce me to regard the conveyance as being in the nature of a mortage, made with a view to secure the payment of the amount due from Opunui to the defendant.

If the property was, in fact, worth a much larger sum than Opunui's debt to the defendant, it would be neither just nor equitable to allow the latter to retain the land conveyed to him while the former was embarrassed, and thus reduce the assets of his estate so as to bring it to the verge of insolvency. All that the defendant had a right to expect was payment of his claim, and not that he should be allowed to make a profit, at the expense of creditors and other parties interested in Opunui's estate.

And, it appearing by the defendant's own statement, that he has made no improvements on the property in question, I think ample justice will be done to both parties, by decreeing that, if the complainants shall, within a reasonable time, say thirty days, tender to

the defendant the amount due to him by Opunui, that is to say $200, together with legal interest from the 19th of March, 1852, then, the defendant shall re-convey the land to them for the benefit of the estate,

Let decree be entered accordingly, and costs be equally divided between both parties.