RUDOLPH SPRECKELS *v.* WALTER M. GIFFARD.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED SEPT. 22, 1896.                    DECIDED OCT. 27, 1896.

JUDD, C.J., FREAR AND WHITING, JJ.

Taxation of Costs.

OPINION OF THE COURT BY WHITING, J.

The plaintiff prevailed in his suit in equity and a decree was entered. The plaintiff's counsel presented his bill of costs for attorney's fees, and the Circuit Judge of the First Circuit on a contest, taxed the costs favorably to plaintiff with a few exceptions. Defendant appeals to this Court as to certain items which he claims ought not to be allowed on the ground that the Circuit Judge erred in law in allowing the specified items, and these items are alone before us for consideration.

The costs were apparently taxed in accordance with the provisions of the law allowing attorney's fees, Comp. Laws p. 417; to wit: Attorney's fees:—

(a) For drawing any petition or plea, three dollars.

(b) For every notice of trial, copy and service, one dollar.

(c) For every other notice in any *cause*, copy and service, one dollar.

(d) For attending upon the trial of any *cause*, or the argument of any motion; three dollars.

(e) For drawing bill of costs, copy and service, one dollar.

(f) For every attendance before a Judge on taxation of costs, one dollar.

.(g)   For every motion for judgment, and other like motions, fifty cents.

(h)   All actual disbursements sworn to by an attorney, and deemed reasonable by the taxing officer, may be allowed in taxation of costs.

It is admitted that on all motions a hearing was had and a contest made.

The following items of the plaintiff's bill of costs were appealed:

Item 2.   Replication to answer and copy ............... $4.50
Item 3.   Replication to amended answer and copy ....... 4.50
  These two items were properly allowed under Attorney's
    Fees (a) for they may well be considered to come
    within the meaning of the word plea as used in this
    section.
Item 4.   Plaintiff's motion to set cause for hearing and
    copy . ......................................   .50
Item 5.   Notice of same .......................... 1.00
Item 7.   Plaintiff's motion to set cause for further hear-
    ing and copy ................................   .50
Item 8.   Notice of same .......................... 1.00
Items 5 and 8 should be considered as notice of trial under
    Section (b) for which costs of $1.00 each are allow-
    able . ..................................... 2.00
  But Items 4 and 7 are disallowed for they cannot be
    construed as coming within Section (g).
Item 10.   Motion for taxation of costs and copy ....   .50
Item 11.   Notice of same ....................... 1.00
    (Both allowed.)

### Plaintiff's Attendances.

Section (d).   For attending upon the trial of any cause
    or the argument of any motion ................ 3.00

Items objected to by defendant.

1896.

Feb'y.   6.   Hearing motion for commission to take testimony . ............................... 3.00

Feb'y. 28.   Hearing defendant's motion to set cause for hearing . ............................... 3.00

Mar. 18.   Hearing plaintiff's motion to set cause for hearing . ............................... 3.00

These three items were properly allowed to plaintiff.

On March 21, the cause came to trial, and extended into. March 23, and in addition to one attendance allowed, the plaintiff claims:—

March 21.   Hearing defendant's motion to quash bench warrant . ........................... 3.00

March 23.   Attendance at trial .................... 3.00

Heretofore the Courts in taxing costs have allowed but one attendance for the trial and motions incidentally arising during the hearing although several days may be occupied in trying the cause, and we adhere to this practice and find it applicable to this cause, but we do not go so far as to say there may not be instances where counsel may be entitled to more than one attendance fee even on the same day, for there may be motions distinct and not involved one with another which require a separate hearing on each motion and for each of which an attendance fee may be allowable.

These two items disallowed ....................$6.00

Items of March 25 and March 27, two attendances on each day are claimed, but only one for each day should be allowed.

Disallowed . ...........................$6.00

Item March 31.   Hearing of motion for fixing time for hearing.

Allowed . .............................. 3.00

Item May 6.    Hearing of·motion for taxation of costs.
Section (f) provides for every attendance before a
judge on taxation of costs...................... 1.00
$2.00 disallowed from plaintiff's bill of costs.

RECAPITULATION.

Total amount of plaintiff's bill of costs...............$99.00
Disallowed by Circuit Judge—Item No. 6, $1; Item No.
9, $1; Items for attendance April 13, 25, and May
6, at hearing, $9 ........................... 11.00

      Balance . ...........................$88.00
  Now disallowed—

Item No. 4 ...........................$ .50
Item No. 7 . ........................... .50
Attendance March 21—one ............... 3.00
Attendance March 23—one ............... 3.00
Attendance March 25—one ............... 3.00
Attendance March 27—one ............... 3.00
May 6—part attendance .................. 2.00
                          —— 15.00

      Balance to plaintiff ..„...........        $63.00

We express no opinion on the question whether attorney's
fees are allowable in equity cases as well as in law cases under
Sec. 1280 of the Civil Code, for not only did counsel not raise
this question but, on the contrary, on its being suggested by
the court, they in effect waived any rights that they might
have under it, as they did in the Circuit Court where counsel
for defendant admitted that Sec. 1280 of the Civil Code ap-
plies to motions at chambers.

  *A. S. Hartwell,* for plaintiff.
  *Kinney & Ballou,* for defendant.

### DISSENTING OPINION BY JUDD, C. J.

I respectfully dissent.    If the schedule of attorneys' costs prescribed in the statute, Sec. 1280 of the Civil Code, can be applied to suits in equity I think my colleagues have rightly taxed the costs in this case.    But I cannot see how a statute prescribing attorneys' fees in law cases in the Circuit Courts can be adopted as the scale of fees in suits in equity.    It matters not whether, on the one hand, the question is not brought to our notice by the appeal of one of the litigants nor, on the other hand, whether the appellees agree that the statute applies. Agreements of counsel cannot put in force for a certain purpose a statute meant for quite another purpose.    Section 1279 gives the schedule of costs in trials in chambers before the Circuit Judges.    This section allows no attorneys' fees.    By the Judiciary Act of 1892, Chap. 57, Sec. 37, jurisdiction in equity is confined to the chambers of the Circuit Judges.    Section 1279 must therefore apply to equity suits.    Some legislation is necessary here.