## J. A. MAGOON *v.* L. MARKS.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED MARCH 21, 1899.          DECIDED APRIL 12, 1899.

JUDD, C.J., FREAR AND WHITING, JJ.

Where defendant has not pleaded a set-off he should neither be allowed to prove one himself nor to have the benefit of one against plaintiff's objection where it appears from plaintiff's evidence that there exists a claim which might have been made the subject of a set-off.

A promise to pay extra for the doing of what the promisee was already under obligation to the promisor to do is without consideration. The question whether such was the nature of the promise in this case should have gone to the jury.

OPINION OF THE COURT BY FREAR, J.

Defendant took possession of the furniture and undertaking business of one E. A. Williams for the purpose of foreclosing a chattel mortgage thereon but employed Williams to conduct

the business until the sale at a salary of twenty-five dollars a week and at the same time or a little later promised an additional one hundred dollars for conducting or doing his best in conducting the funeral of the late British Commissioner A. G. S. Hawes. Afterwards Williams sold his claim for the one hundred dollars to the plaintiff who now brings this action thereon. He obtained judgment in the district court but lost on defendant's appeal to the circuit court and the case comes here on his exceptions to rulings of the circuit judge admitting and refusing to admit certain testimony and directing a verdict for the defendant.

The defenses were set-off and want of consideration, and the questions raised by the exceptions are whether the former was permissible under the pleadings and, if not, whether there was evidence to go to the jury on the latter.

Under the statute (Act 7, Laws of 1898) these defenses could be set up against the plaintiff if they could be set up against his assignor, Williams.

1. Set-off. It appears in plaintiff's case that Williams owed defendant about three hundred dollars on another claim and after plaintiff rested defendant offered evidence to prove that claim. Plaintiff objected on the ground that set-off had not been pleaded and that he had a right to know what the set-off was and its different items, but the trial judge admitted the evidence on the ground that plaintiff had full knowledge of what the set-off was as it had come out in his own case, and later he directed a verdict for defendant on the ground that the set-off had been established. In our opinion this was error. The fact that plaintiff had knowledge of the claim relied on as a set-off did not avoid the necessity of defendant's having pleaded it. Defendant could not properly introduce evidence to prove a set-off without having pleaded it, whether plaintiff knew of it or not—any more than plaintiff could properly introduce evidence of a claim not declared on because defendant knew of it. And the fact that it appeared in plaintiff's own case that a claim existed which might have been made a subject of set-off was not

sufficient. Set-off is not strictly speaking a defense in the sense that it defeats or reduces plaintiff's claim. On the contrary it admits plaintiff's claim and operates rather as a payment thereof. It is an independent claim which might be made the subject of a separate action or of a set-off, as defendant chooses, but if he chooses the latter course he must plead the claim very much as he would if he were to pursue the former course. The two claims are not parts of a mutual account, the balance only of which is due. See *Piipiilani v. Houghtailing*, p. 100 *ante*; *Boyd v. Kaikainahaole*, 10 Haw. 456.

2. Consideration. The trial judge apparently was of the opinion that there was evidence upon which the question of consideration should go to the jury, if the set-off had not been established. Having held that his ruling in regard to the set-off was erroneous, it becomes necessary to consider the other question, and we agree with the trial judge that there was evidence upon which the question of consideration should go to the jury. The general rule is that a promise to pay extra for the doing of what the promisee was already under obligation to the promisor to do is a mere gratuity. If defendant had engaged Williams to conduct the business for twenty-five dollars a week and afterwards promised to give him a hundred dollars additional for conducting a particular funeral which he was already obliged to conduct under the first agreement and Williams should conduct the funeral, there would be no consideration for the promise, because Williams would have done nothing beyond what he was already bound to do. But if defendant engaged Williams in the first place for twenty-five dollars a week and one hundred dollars besides, the case would be different. Williams testifies to the effect that the promises to pay the twenty-five dollars a week and the hundred dollars were made at the same time and were really different parts of one contract, while Marks testifies that the promise to pay the one hundred dollars was made after he had engaged Williams at twenty-five dollars a week and that it was in the nature of a present. The question should have gone to the jury. Again, supposing the

promise in question to have been made afterwards, there is some doubt as to what it was made for—whether merely as a gift, or to induce Williams to be sure to do all that he was already bound to do, or to do more than he was already bound to do. If the last, and if he performed his part, there was a consideration. The evidence as to just what the promise was for and whether just what it was for was performed is not very satisfactory. See *Talmie v. Dean*, 1 Wash. Ter. 47; also the note in 34 L. R. A. 33.

The exceptions are sustained and a new trial is ordered.

*J. A. Magoon* and *R. D. Silliman* for plaintiff.

*G. A. Davis* for defendant.