*Messrs. Kinney, Ballou & McClanahan* and *H. A. Bigelow* for defendant.

---

JOHN D. WILLARD, Assignee of the Estate of T. Ledward, a Bankrupt, *v.* ANTONE VINCENT and T. LED-WARD, a Bankrupt.

APPEAL FROM CIRCUIT JUDGE, FIFTH CIRCUIT.

SUBMITTED DECEMBER 21, 1900.    DECIDED JANUARY 10, 1901.

FREAR, C.J., GALBRAITH AND PERRY, J.J.

The Court affirms on the evidence a decree dismissing a bill to set aside a transfer of property alleged to have been made fraudulently to the knowledge of the purchaser by the seller in contemplation of bankruptcy.

Attorneys' fees are not allowable in cases before Circuit Judges at Chambers. Section 1486 and not section 1492 of the Civil Laws applies in such cases.

OPINION OF THE COURT BY PERRY, J.

This is a bill in equity wherein the complainant, as assignee of the estate of respondent Ledward, a voluntary bankrupt, prays for the cancellation of two certain bills of sale of certain personal property for a stated consideration of $400., to respondent Vincent in December and January last, on the ground that the transaction was entered into by both Vincent and Ledward, not *bona fide*, but for the purpose of hindering, delaying and

defrauding Ledward's creditors, and at a time when, as both respondents were well aware, Ledward was insolvent and contemplated bankruptcy. The Court below, after hearing, filed a decision and a decree dismissing the bill, and from that decree an appeal was taken to this Court.

After the filing of the decision of the Circuit Judge, complainant moved that certain amendments be made to the clerk's record of the testimony on the ground that said record was incomplete and incorrect in certain particulars, and in support of said motion filed his own affidavit to the effect that the proposed amendments covered evidence given at the trial but either incorrectly reported or omitted by the clerk. One amendment was allowed, and as to the others proposed the motion was denied; and complainant now asks that all the amendments be made.

In some instances, the clerk's record substantially states the testimony set forth in the proposed amendments; both the Judge's and the clerk's notes show the evidence to have been different from that stated in other of the proposed amendments. —as to these we think the showing is insufficient to justify an alteration—and in a few instances the clerk's notes would seem to be incomplete. As to the latter, we may assume for the purposes of this case that the evidence was as stated in the amendments, for our conclusion is not thereby affected.

Upon the pleadings and upon all the evidence adduced, we find that the sum paid by respondent Vincent for the property covered by the bills of sale was its full and fair value, that the transaction as to Vincent was *bona fide* and that Vincent at the time of the purchase had no reasonable cause to believe Ledward to be insolvent or bankrupt or in contemplation of insolvency or bankruptcy. The decree appealed from in so far as it dismisses the bill, is affirmed.

The Circuit Judge taxed against the complainant attorney's fees according to the provisions of Section 1492 of the Civil Laws of 1897. This, we think, was error. Section 1492 prescribes the costs which may be allowed in the Circuit and

IN RE AKWAI. 239

Supreme Courts only. The costs which may be taxed in trials had before the Circuit Judges at Chambers are set forth in Section 1486, Ib., and do not include attorney's fees.

The case is remanded to the Circuit Judge of the Fifth Circuit for taxation of costs in accordance with the foregoing opinion and for such further proceedings as may be proper.

Complainant in person.

*M. F. Prosser* for respondent Vincent.