## ISAAC ERICKSON *v.* THE VOLCANO STABLES AND TRANSPORTATION COMPANY, LIMITED.

### EXCEPTIONS FROM CIRCUIT COURT, FOURTH CIRCUIT.

SUBMITTED MARCH 19, 1901.　　　　DECIDED JUNE 15, 1901.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

A contract debt due the defendant from the plaintiff arising out of a transaction independent of that sued on may be plead and established as a set-off to the plaintiff's demand.

In an action in assumpsit based on a written contract a claim for unliquidated damages growing out of a negligent or willful failure to perform the same contract cannot be properly plead as a set-off or

counter-claim. Such a demand can only be recognized and allowed when presented by way of recoupment.

OPINION OF THE COURT BY GALBRAITH, J.

This is an action in assumpsit for $379.76 balance due on a written contract for construction of certain buildings. The answer of the defendant is (1) the general issue (2) a plea of set-off of an alleged debt not growing out of the same transaction and (3) a plea of set-off for unliquidated damages growing out of breach of contract sued on. A jury was waived and the cause tried to the court and a verdict rendered in favor of the plaintiff for the amount claimed and costs. The defendant comes to this court on exceptions.

The first exception is to the ruling of the court sustaining objection to testimony relative to the method of book-keeping and correctness of the defendant's books.

The statute authorizing a bill of exceptions provides that when any question of law shall arise in any trial and it is wished to present the same to the Supreme Court for decision by exceptions that the "cause of so much thereof as may be necessary to a full understanding of the question," shall be reported (Sec. 1436, Civil Laws 1897). From the meagre presentation on this exception it does not appear that the questions asked were material or relevant to any issue in the case and we are bound to presume that the Circuit Judge ruled correctly.

Exception number 2 was to the ruling of the court in excluding proof of a debt due the defendant from the plaintiff. Balance due on a book account, an independent and distinct transaction from that sued on. It seems that the ground on which this testimony was excluded was that this alleged debt was one growing out of an independent transaction—one in no way connected with the contract in suit. The statute of this Territory on set-off reads: "It shall be competent to the defendant in any civil action to plead an off-set of like kind and denomination, existing in the same right, between him and the plaintiff." Civil Laws, 1897, Sec. 1261. The Supreme Court of Connec-

ticut said "A set-off is made where the defendant has a debt against the plaintiff arising out of a transaction independent of the contract on which the plaintiff sues." *Avery v. Brown*, 31 Conn. 401. This definition of a set-off is adopted by Waterman in his text book. See Waterman on Set-Off, p. 3, and is generally recognized as being concise and complete. Encycl. L. Vol. 22, p. 211 and note.

The very idea of a set-off is that it is a debt growing out of a separate transaction from that sued on. "The two claims are not parts of a mutual account, the balance only of which is due." *Magoon v. Marks*, 11 Haw. 766. The claims must be of "like kind and denomination," not necessarily growing out of the same transaction, and must "exist in the same right." This book account, it seems, comes within the statutory definition of set-off and as it was plead in the defendant's answer proof of it should have been admitted.

The bill of exceptions fails to disclose that any exceptions was taken and allowed to the rulings complained of in exceptions 3 and 4 and these cannot be considered.

Exception 5 is to the ruling excluding testimony offered to prove unliquidated damages growing out of a negligent or willful failure to properly perform the contract in suit. The case of *La Motte et al. v. Angel*, 1 Haw. 237 and many cases from other jurisdictions are cited in support of this exception.

It seems from an examination of the authorities cited at the argument and in the brief that counsel has failed to keep in mind the well defined distinction and difference between set-off and counter-claim and recoupment. For definition of counter-claim see 4 Encycl. Law pp. 331-2 and 22 Id. pp. 373. Set-off and counter claim are purely statutory defenses while recoupment is a common law defense. The Supreme Court of Michigan distinguishes between set-off and recoupment as follows: "This defense" (recoupment) "is contradistinguishable from set-off in three essential particulars: 1st. In being confined to matters arising out of and connected with the transaction or contract upon which the suit is brought. 2nd. In having no regard

to whether or not such matters be liquidated or unliquidated. *Wheaton v. Dotson,* 7 Ark. 699. And 3rd that the judgment is not the subject of statutory regulations, but controlled by the rule of the common law." *Ward v. Fellers,* 3 Mich. 288.

It is impossible to gather from the report of the case of *La Motte v. Angel* of what nature the defense was considered except that the opinion refers to the right to allow damages occasioned by negligence of plaintiff as an off-set to his claim. As a matter of law such damages could not at this time under the statute be allowed as a set-off but could be allowed only by way of recoupment. Whether recoupment like set-off should be specially pleaded need not now be decided. There was a special plea in this case.

The unliquidated damages sought to be proved in the case at bar were alleged damages resulting from the willful and negligent failure in the performance by the plaintiff of the contract sued upon. This was a proper subject for recoupment. The fact that the pleader mis-called it "set-off" in his pleading does not affect the right. "It is the facts alleged which constitute the defense; and whether the party calls it by the right name is not material." *Springer v. Dwyer,* 50 N. Y., p. 22.

The answer alleges that by the contract the plaintiff agreed to complete the buildings out of sixty-four thousand feet of lumber and that defendant believes that not more than that amount was used while plaintiff claims that ninety-six thousand feet was used in the buildings: "that the plaintiff willfully and negligently destroyed and permitted to be destroyed and directed to be destroyed many thousand feet of lumber by wasting and cutting up timbers and boards of greater lengths than was necessary to be cut, intending to work up and use by such misconduct as many thousand feet of lumber wrongfully as possible, so that he might thereby obtain wages for having placed in more lumber by many thousand feet for the buildings than was necessary, thereby causing injury to the defendant of more than $600.00." "The doctrine" (of recoupment) "may be summarily stated. In an action upon a contract to recover either

liquidated or unliquidated damages or a debt, the defendant might set up by way of defense and recoup damages suffered by himself from any breach by the plaintiff of the same contract." * * * it was subsequently settled that fraud was not a necessary element, and that any breach by the plaintiff of the same contract which he makes the basis of his action would admit the defense of recoupment." * * * "Recoupment was, however, used solely as a defense: it could no more than defeat the plaintiff's recovery" even though the defendant's damages should exceed those proved by the plaintiff he could have no judgment for the surplus." Pomeroy's Remedies and Remedial Rights, Sec. 731.

The defendant should have been permitted to introduce the testimony offered. It was within its right to establish the damages claimed.

A new trial of the case will be necessary. The alleged errors referred to in the other exceptions may not arise on another trial and for that reason they will not be considered now.

Exceptions sustained and a new trial ordered.

*Smith & Parsons* for plaintiff.

*Wise & Nickeus* for defendant.