IN THE MATTER OF THE APPLICATION OF EMILY, MAGGIE, EDDIE, HERBERT AND EVA RODRIGUES, BY THEIR NEXT FRIEND JOAQUIM GARCIA, FOR A WRIT OF MANDAMUS AGAINST V. O. TEIXEIRA, J. R. MONIZ, A. G. SILVA, J. G. COSTA AND J. F. ROZA, DIRECTORS OF THE PORTUGUESE MUTUAL BENEFIT SOCIETY OF HAWAII, A CORPORATION.

APPEAL FROM CIRCUIT JUDGE, SECOND CIRCUIT.

SUBMITTED MAY 7, 1906.          DECIDED MAY 17, 1906.

FREAR, C.J., HARTWELL AND WILDER, JJ.

WITNESS FEES—*not allowed, when witness is a party.*

    A witness who is a party is not entitled to mileage and attendance fees—at least when it does not appear that he attended solely as a witness.

ATTORNEY'S FEES—*allowed in chambers as well as term cases.*

    The provisions of R. L., Sec. 1889, allowing attorneys' fees apply to cases before circuit judges at chambers as well as to term cases in the circuit courts proper.

OPINION OF THE COURT BY FREAR, C.J.

The petitioners appeal from so much of the final judgment or decree dismissing the petition as taxes to them costs in the

sum of $92.50, consisting of $18 mileage and $3 attendance fees for each of four witnesses subpoenaed by the respondents. and $8.50 attorney's fees for drawing demurrer, serving a copy thereof on opposite counsel and attendance upon the trial and upon the taxation of costs.

The respondents make a preliminary objection that the appeal does not lie on the ground that it is from an interlocutory oral order taxing costs on June 29, 1905, and not from the final judgment or decree entered October 26, 1905. We do not so understand it. It is true the appeal is from the "order made * * * taxing the costs," etc., but the judgment or decree entered October 26 was such an order although it contained other matter also, and there is no other order entered taxing costs or even a reference in the record to an oral order to that effect. Moreover, the appeal bond refers to the "judgment entered" and recites that the appeal is from "said order in so far as it pertains to the taxation of costs," etc. The appeal and the bond also were filed just within the time allowed. if they were intended to refer to the judgment that was entered, namely, on the 5th and 9th days after the entry.

The petitioners contend that mileage and attendance fees. should not be allowed for three of the witnesses, who were respondents in the case. This contention must be sustained. The general rule is that parties should not be allowed such fees—not only when they are interested parties but also when they are parties in a merely representative capacity, although persons interested may be allowed such fees if they are not parties. In some cases this rule has been relaxed to the extent. of allowing such fees to parties attending solely as witnesses on behalf of co-parties, and in some cases even to the extent of allowing such fees to parties appearing solely as witnesses for themselves, but in such cases it is held that the facts must be clearly established and in the latter case it is held that the fact that a party attends solely as a witness for himself and that he would not attend as a party or otherwise except as a witness must be shown by his own affidavit, for no one else can swear·

to such fact. See 11 Cyc. 114 and notes; 13 Cen. Dig., Title, Costs, Sec. 724. In the present case no such showing was made. The three witnesses were parties and they were the only respondents who appeared at the hearing. They were subpoenaed to testify as witnesses on the part of themselves as well as of their corespondents.

The mileage and attendance fees of the fourth witness, who was the secretary of the corporation but not one of the directors and not a respondent in the case, were properly allowed.

The attorney's fees also were properly allowed notwithstanding *Spreckels v. Giffard,* 10 Haw. 462, in which the question whether the provisions of what is now section 1889 of the Revised Laws relating to attorney's fees applied to chambers cases as well as to term cases was suggested but left undecided, because counsel practically admitted that those provisions did apply to chambers cases, and *Willard v. Vincent,* 13 Haw. 237, and *Hong Kim v. Hapai,* 13 Haw. 328, in which it was held, without stating reasons, that those provisions did not so apply, but were confined to term matters, and that another section, which is omitted from the Revised Laws and which does not include attorney's fees, applied to chambers cases before the circuit judges. Act 44 of the Laws of 1905, enacted since those cases were decided, in its body purports to make section 1889 of the Revised Laws applicable to all cases at chambers, although its title refers to equity cases only. The present case is a mandamus case. This act was not referred to by counsel on either side, and because of the doubt, if nothing more, as to its validity so far as mandamus cases are concerned, owing to the variance between its title and its body, and because our conclusion would be the same irrespective of this act, we will base the decision on this point upon other grounds. What is now section 1889 of the Revised Laws, although entitled "circuit and supreme courts," has been applied in practice, except perhaps as to attorney's fees and except in one of the circuits, to chambers cases as well as to term cases since the enactment of the judiciary act of 1892. If it applies as to other matters it applies as to attorney's fees also. In a certain sense the courts

of the circuit judges and supreme court justices sitting in chambers may be considered as merely branches of the circuit and supreme courts proper, and have often been referred to in that sense. See *Kendall v. Holloway,* 16 Haw. 45; *Carter v. Judge,* 16 Haw. 242; Id. 412. This section was applied also in matters before the supreme court justices at chambers prior to the judiciary act of 1892, when the supreme court justices at chambers occupied practically the same status as has since been occupied by the circuit judges at chambers. The other section referred to, omitted from the Revised Laws and entitled "In trials at chambers before the circuit judges," related to circuit judges under the old system when such judges occupied a status very different from and inferior to that of the present circuit judges. The effect of the judiciary act of 1892 was to elevate the status of circuit courts and circuit judges in matters within their jurisdiction to that formerly occupied by the supreme court and the justices thereof in such matters. See *Republic v. Tokuji,* 9 Haw. 548. If section 1889 did not apply to matters before supreme court justices at chambers there would be no provision for costs in such matters, contrary to the general understanding, and if that section applies to matters before supreme court justices at chambers it applies equally to matters before circuit court judges at chambers.

The judgment or decree appealed from is modified by reducing the costs allowed from $92.50 to $29.50.

*J. M. Vivas* and *A. G. Correa* for petitioners.

*E. C. Peters* for respondents.