WINDWARD PARTNERS, a Hawaii partnership, Plaintiff-Appellee, *v.* GEORGE N. LOPES, JR., and NANCY LOPES, Defendants-Appellants

NO. 7795

(CIVIL NO. 57939)

FEBRUARY 18, 1982

HAYASHI, C.J., CIRCUIT JUDGES CHANG AND TSUKIYAMA
IN PLACE OF ASSOCIATE JUDGES
PADGETT, RECUSED, AND BURNS, DISQUALIFIED

*Per Curiam.* In this appeal, the Buyers appeal the grant of summary judgment to the Sellers which cancelled the Agreement of Sale and dismissed the Buyers' counterclaim.

At issue is whether summary judgment was appropriately granted in a breach of contract action where the Sellers, at the time performance was due, were unable to convey the property pursuant to the terms of the agreement, and where the Buyers' failure to perform seems to have stemmed from the Sellers' inability to provide immediate possession according to the terms of the agreement. For the reasons stated herein, we reverse.

In October 1978, the appellants (Buyers) bought a parcel of undeveloped land in Waikane Valley from appellees (Windward Partners or Sellers) via an Agreement of Sale. The Buyers paid $10,000 and the full purchase price of $80,000 was due on January 20, 1979. Buyers were entitled to immediate possession. The standard form Deposit Receipt, Offer and Acceptance (DROA) contained the following special condition: "Seller to be responsible of [sic] removing tenants and improvements if any at at [sic] its cost [sic]."

The Buyers rented equipment and began clearing the property. One day while doing so, they were approached by one Kenneth Kamiya, who claimed to have a lease on the property at that time.[1] Mr. Kamiya brought an injunction action against the Buyers on November 21, 1978. A hearing was held before Judge James S. Burns on November 30, 1978, wherein Judge Burns recessed the case for the preparation of memoranda. No transcript of these proceedings has been made available to us. However, the minutes indicated that the judge had instructed or suggested to the Buyers that they not do anything active on the disputed property pending the resolution of Kamiya's claim against them. No orders were entered, and no injunction was granted. Windward Partners was named a third-party defendant in this action.

In the meantime, the Sellers were involved in other disputes with Kamiya over other parcels in that area. By January 17, 1979, the Sellers' claims against Kamiya were still unresolved; and, therefore, Judge Burns did not grant or deny Kamiya's injunction pending resolution of those claims.

The Buyers were, of course, out of actual possession during this dispute and obviously were not making the monthly payments. The Sellers claimed to be trying to reach a settlement between Kamiya and the Buyers, whereby Kamiya would dismiss his claim against them. On January 20, 1979, the date on which the full purchase price was due, no settlement had been reached. The Buyers did not pay. On February 13, 1979, the Sellers obtained Kamiya's agreement to release his claim against the Buyers pending the Buyers' approval and signature. However, the Buyers' attorney, by affidavit

---

[1] The lease is not a part of the record before us.

of October 12, 1979, denied having seen a copy of the release in question.[2]

This action was brought against the Buyers by the Sellers on May 10, 1979, for breach of contract and cancellation of the Agreement of Sale. The Buyers counterclaimed for breach of contract and sought damages for their deprivation of possession and for the Sellers' negligent or intentional misrepresentation of their ownership of the land in question.

The Sellers moved for summary judgment on their complaint and on the Buyers' counterclaim. The trial judge granted Sellers' motion, cancelling the Agreement of Sale and returning the Buyers' initial $10,000 deposit.[3] This appeal followed.

To support the grant of summary judgment, it must be clear that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Rule 56, Hawaii Rules of Civil Procedure. In addition, in deciding the motion, the court and the reviewing court as well must view the evidence and the inferences reasonably drawn therefrom in the light most favorable to the opposing party. *Lane v. Yamamoto,* 2 Haw. App. 176, 628 P.2d 634 (1981); *Ottensmeyer v. Baskin,* 2 Haw. App. 86, 625 P.2d 1069 (1981); *Giuliani v. Chuck,* 1 Haw. App. 379, 620 P.2d 733 (1980).

Sellers argue that they were entitled to summary judgment because they had fulfilled their obligations on the contract; that the Buyers' failure to execute the Release was the only factor that prevented them from performing that portion of the DROA that required them to remove any existing tenants from the premises. They also argue that because of the well-publicized disputes in that area at that time and the DROA provision, the Buyers were put on notice of the possibility that the property might have been encumbered.[4]

---

[2] Buyers' attorney acknowledged the writings and discussions of the release of claims between the Sellers and Kamiya took place, but denied receipt of any document purporting to release his clients and restore to them possession of the land.

[3] We have not been supplied with transcripts of any of the proceedings below; however, the minutes of the hearing on this motion was continued several times pending Buyers' agreement to sign the Release. By the second continuance, the judge indicated that the motion would be granted if Buyers did not return the signed Release.

[4] The title search did not reflect that the parcel in question was subject to a lease.

Sellers suggest that these factors somehow excused their failure to perform by January 20, 1979. We disagree.

It is basic contract law that one party cannot insist upon the performance of a contract or a provision thereof where he, himself, is guilty of a material or substantial breach of that contract or provision. 17 AM. JUR.2d. *Contracts* § 425 (1964). Sellers' reliance on the cases cited is misplaced in that none of those cases were decided on summary judgment: all went to trial on the merits. *Malani v. Clapp and Furuya*, 56 Haw. 507, 542 P.2d 1265 (1975); *Ikeoka v. Kong*, 47 Haw. 220, 386 P.2d 855 (1963).

Buyers argue, of course, that there were sufficient factual disputes to overcome the motion for summary judgment. We agree.

In this instance, it is clear that a number of factual issues remain in dispute: (1) The record does not clearly reflect whether either the Buyers or Sellers knew, at the time the contract was made, that the specific parcel in issue was subject to an encumbrance. (2) It is undetermined whether the Buyers were entitled to damages on the dismissed counterclaim for nonpossession, when Sellers conceded that they were not able to convey the property as agreed upon on January 20, 1979. (3) The Release — its very existence — is subject to factual dispute. With respect to the Release, the Sellers contend that it was obtained from Kamiya in February 1979 and conveyed to Buyers. Buyers' counsel denies receipt of it until October 25, 1979.

It is questionable whether Sellers can be entitled to summary judgment as a matter of law when it is not clearly established that the Sellers, themselves, were not in breach. Whether and to what extent the Release operated to excuse Sellers' failure to perform by January 20, 1979, remains undetermined. This is particularly poignant in light of the fact that the Release has not been made a part of the record before us.

Accordingly, the judgment must be reversed and this case remanded for trial on the merits.

*Ronald J. Endrizal (Robert A. Franklin* on the opening brief) for defendants-appellants.

*Connie G. W. Meredith* for plaintiff-appellee.