WILLIAM KAINZ, Plaintiff-Appellant, Cross-Appellee, *v.* MARCEL PETER LUSSIER, Defendant/Third-Party Plaintiff-Appellee, Cross-Appellant, MAU-VAN DEVELOPMENT, INC., Third-Party Defendant-Cross-Appellee

NOS. 8520 and 8521

(CIVIL NO. 4478)

JULY 22, 1983

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY TANAKA, J.

This defamation action (hereinafter the "defamation case"), which is a companion case to *Lussier v. Mau-Van Development, Inc. I,* 4 Haw. App. 359, 667 P.2d 804 (1983), a shareholder's derivative action (hereinafter the "derivative case"), involves an appeal (No. 8521) and a cross-appeal (No.

8520).[1] In No. 8521, plaintiff Wilhelm Kainz (Kainz) appeals from the summary judgment in favor of defendant Marcel Peter Lussier (Lussier) which dismissed the complaint *in toto*. In No. 8520, Lussier cross-appeals the trial court's denial of his motion to consolidate the defamation and derivative cases and motion to dismiss the complaint on a procedural ground or, in the alternative, for other remedies. We reverse in part and affirm in part.

The issues on appeal are:

1. Whether the record reveals a genuine issue of material fact so that the granting of summary judgment was erroneous;

2. Whether the trial court abused its discretion in denying the consolidation of the defamation and derivative cases; and

3. Whether Kainz's defamation claims constitute compulsory counterclaims in the derivative case under Rule 13(a), Hawaii Rules of Civil Procedure (HRCP) (1981), necessitating dismissal of the defamation complaint or, in the alternative, the granting of other remedies.

We answer yes to issue 1 and no to issues 2 and 3.

On August 29, 1979, Lussier filed his complaint in the derivative case against Mau-Van Development, Inc., a Hawaii corporation (Mau-Van), Kainz, and other directors and shareholders of Mau-Van.

Approximately five months later, on January 24, 1980, Kainz filed his complaint against Lussier in the defamation case. The first count of the complaint charged Lussier with libel, alleging that from and after May 20, 1979, he wrote a series of letters to Mau-Van shareholders accusing Kainz of wrongful acts in his business and fiduciary relationship with Mau-Van. The second count charged Lussier with slander, alleging that he orally stated to third persons the contents of such letters and that Kainz was a "check forger."

On February 8, 1980, Lussier filed his answer denying the material allegations in the complaint and interposing the affirmative defenses of (1) absolute or conditional or qualified privilege, (2) truth, (3) laches, and (4) estoppel. On February 14, 1980, Lussier filed a third-party complaint against Mau-

---

[1] The appeal and the cross-appeal should have been assigned the same docket number.

Van stating that his alleged wrongful acts were done as a director and officer of Mau-Van and seeking indemnity.

On June 20, 1980, Lussier moved to consolidate the defamation and derivative cases. The motion was denied on July 17, 1980.

On August 18, 1980, Lussier filed a motion for summary judgment dismissing the complaint or, in the alternative, for an order staying prosecution of the complaint or for an order directing Kainz to set up the defamation complaint as an omitted compulsory counterclaim in the derivative case (hereinafter the "August 18th motion"). The trial court denied this motion on September 16, 1980.

On May 1, 1981, Lussier filed another motion for summary judgment stating that "as a matter of law, defendant's alleged defamatory communications were privileged." The motion was noticed to be heard on May 13, 1981. However, in an order filed on May 18, 1981, the trial court ordered, *inter alia:*

> 5. That the "Motion of Defendant Marcel Peter Lussier for Summary Judgment and Attorney's Fees", scheduled to be heard on May 13, 1981 at 10:00 a.m. be and is hereby continued until moved on.

In the interim, the jury trial of the derivative case had commenced on January 5, 1981. On February 13, 1981, judgment was entered in the derivative case in favor of defendants and against Lussier and on March 9, 1981, Lussier's motion for a new trial was denied.

On July 9, 1981, the hearing date for Lussier's July 1, 1981 motion for bifurcation of the trial of the defamation case as to liability and damages and other matters, the trial court *sua sponte* took up Lussier's May 1, 1981 motion for summary judgment which had been "continued until moved on" and for the "purpose of judicial economy" granted summary judgment "on the ground that [Lussier's] alleged defamatory communications were privileged." Transcript of July 9, 1981 Proceedings at 2-3. The summary judgment was to cover both counts of the complaint — libel and slander. *Id.* at 8. Judgment was entered on August 10, 1981.[2]

---

[2] The judgment expressly provided that no disposition was being made of the third-party complaint against Mau-Van. However, a Rule 54(b), Hawaii Rules of Civil Procedure (HRCP) (1981) certification gives us appellate jurisdiction.

After Kainz's motion to vacate and set aside the judgment was denied on October 1, 1981, Kainz appealed and Lussier cross-appealed.

I.

Kainz contends that the trial court erred in granting Lussier's motion for summary judgment on two grounds. First, citing *Clarke v. Civil Service Commission,* 50 Haw. 169, 434 P.2d 312 (1967), he argues that the trial court, in granting Lussier's motion *sua sponte* without notice to Kainz and without a hearing on the matter, violated the requirements of Rule 56(c), HRCP (1981). Second, he claims that summary judgment was improper because there was a genuine issue of material fact. We agree with Kainz's second ground and will forego ruling on his first ground.

As indicated above, the trial court granted Lussier's motion on the ground that Lussier's "alleged defamatory communications were privileged." We agree that Lussier's series of letters to Mau-Van shareholders were privileged, but only conditionally or qualifiedly and not absolutely. However, the trial court erred in holding that the allegedly slanderous communications under the second count were also privileged.

A qualified privilege arises (1) when the author of a defamatory statement reasonably acts in the discharge of some public or private duty, legal, moral, or social and (2) where the publication concerns a subject matter in which the author and the recipients of the publication have a correlative interest or duty. *Aku v. Lewis,* 52 Haw. 366, 477 P.2d 162 (1970). *See also Hamm v. Merrick,* 61 Haw. 470, 605 P.2d 499 (1980); *Russell v. American Guild of Variety Artists,* 53 Haw. 456, 497 P.2d 40 (1972); *Chow v. Alston,* 2 Haw. App. 480, 634 P.2d 430 (1981). In writing and sending the series of letters to the shareholders, Lussier acted in discharge of his private legal duty as corporate secretary and director to investigate and report to the shareholders on the affairs of Mau-Van and the progress of a project Mau-Van was undertaking. However, in allegedly making slanderous statements to third persons, Lussier was not discharging any private or public duty and, thus, did not have a qualified privilege to commit slander.

An interest which is protected by a qualified privilege is one where (1) the publisher and recipient have a common interest and (2) the communication is of a kind reasonably calculated to protect or further such interest. W. Prosser, *Handbook of the Law of Torts* § 115 (4th ed. 1971).

> Frequently in such cases there is a legal, as well as a moral obligation to speak. This is most obvious, of course, in the case of those who have entered upon or are considering business dealings with one another, or where the parties are members of a group with a common pecuniary interest, as where officers, agents or employees of a business organization communicate with stockholders ... about the affairs of the organization itself . . . .

W. Prosser, *supra,* at 789-90 (footnotes omitted). *See also,* Comment, *Defamation: A Study in Hawaii Law,* 1 U. Hawaii L. Rev. 84 (1979); Restatement (Second) of Torts § 596 (1977). *See, e.g., Russell, supra.* Lussier as secretary and director of Mau-Van shared a common pecuniary interest with its shareholders.

Whether the communication was privileged is an issue of law to be determined by the court. W. Prosser, *supra;* Restatement (Second) of Torts § 619(1) (1977). *E.g., Molever v. Levenson,* 539 F.2d 996 (4th Cir. 1976), *cert. denied,* 429 U.S. 1024, 97 S. Ct. 643, 50 L.Ed.2d 625 (1976) (lower court correct in concluding that shareholder's statements made at meeting of bank's board of directors were protected by qualified privilege). In the instant case, the trial court could have found that Lussier had a qualified privilege to communicate to the shareholders but could not have so found in regard to any slanderous remarks to third persons.

However, the qualified privilege is conditional and it must be exercised (1) in a reasonable manner and (2) for a proper purpose. The immunity is forfeited if the defendant steps outside the scope of or abuses the privilege. W. Prosser, *supra; Russell, supra; Aku, supra.* The qualified privilege may be abused by (1) excessive publication, (2) use of the occasion for an improper purpose, or (3) lack of belief or grounds for belief in the truth of what is said. W. Prosser, *supra; Aku, supra.*

The question whether the qualified privilege was abused is one of fact for the trier of fact to decide. W. Prosser, *supra;*

Restatement (Second) of Torts § 619(2) (1977). *E.g., Pierce v. Burns,* 55 Del. 166, 185 A.2d 477 (1962). *Cf. Chedester v. Stecker,* 64 Haw. 464, 643 P.2d 532 (1982); *Lauer v. Young Men's Christian Ass'n.,* 57 Haw. 390, 557 P.2d 1334 (1976) (issue of reasonableness for jury determination).

Under Rule 56(c), HRCP (1981), the granting of summary judgment is proper only "if there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law." *Hawaii Leasing v. Klein,* 4 Haw. App. 1, ___, 658 P.2d 343, 347 (1983); *King v. Ilikai Properties, Inc.,* 2 Haw. App. 359, 632 P.2d 657 (1981). In the disposition of the motion, the trial court as well as the reviewing court "must view the evidence and the inferences reasonably drawn therefrom in the light most favorable to the opposing party." *Windward Partners v. Lopes,* 3 Haw. App. 30, 32, 640 P.2d 872, 874 (1982). *See also Bank of Honolulu v. Anderson,* 3 Haw. App. 545, 654 P.2d 1370 (1982); *Ottensmeyer v. Baskin,* 2 Haw. App. 86, 625 P.2d 1069 (1981).

In reviewing the record, we find that an issue of fact exists as to whether Lussier was using the means of communicating to the shareholders for an improper purpose, thereby abusing and losing the privilege. Lussier testified when deposed that he felt no ill will toward Kainz. However, Kainz reported that Lussier told him that "I [Kainz] would be sorry for what I said to him [Lussier]." Record at 463. Lussier also testified that at that time he believed he could have done a better job than Kainz. Furthermore, he admitted in his testimony that he once threatened Kainz with bodily harm in July 1979. The facts and the inferences therefrom viewed in the light most favorable to Kainz do not lead to an inescapable conclusion that the statements were made for a proper purpose. We therefore hold that the trial court erred in granting summary judgment.

## II.

Lussier claims that since the "subject matter and factual issues" in the defamation and derivative cases were "identical," the trial court should have consolidated the cases for pre-trial and trial purposes as permitted by Rule 42(a), HRCP (1981).

Rule 42(a), HRCP (1981), provides:

When actions involving a common question of law or fact are pending before a court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delays.

Although Rule 42(a) "is designed to encourage consolidation where a common question of law or fact is present," *Bradley v. Soo. Line Railroad Co.,* 88 F.R.D. 307, 309 (E.D. Wis. 1980), the trial court "is given broad discretion to decide whether consolidation would be desirable." 9 C. Wright & A. Miller, Federal Practice and Procedure: *Civil* § 2383, at 259 (1971). *See also MacAlister v. Guterma,* 263 F.2d 65 (2d Cir. 1958); *Arroyo v. Chardon,* 90 F.R.D. 603 (D.P.R. 1981). The trial court's discretionary determination "will not be reversed on appeal absent clear error or exigent circumstances." *American Employers' Insurance Co. v. King Resources Co.,* 545 F.2d 1265, 1269 (10th Cir. 1976).

On a motion for consolidation, the movant has the burden of persuading the trial court that consolidation is desirable. *Prudential Insurance Co. v. Marine National Exchange Bank,* 55 F.R.D. 436 (E.D. Wis. 1972). Even if a common question of law or fact is present, consolidation may be denied if it will cause delay or will lead to confusion or prejudice. 9 C. Wright & A. Miller, Federal Practice and Procedure: *Civil* § 2383 (1971).

The derivative case involved multifarious claims and issues and included five individual defendants not concerned with the defamation case. *See Lussier v. Mau-Van Development, Inc. I, supra.* There were no common issues of law in the defamation and derivative cases. In fact, in the derivative case, Lussier sought to preclude by his motion in limine any evidence of his motives in bringing the action, although his motives would be material and relevant on the question of abuse of privilege. *See* Part I, *supra.* Under such circumstances, consolidation would have delayed the disposition of the defamation case, prejudiced Kainz, and caused confusion during the trial. *See Spirt v. Teachers Ins. & Annuity Ass'n,* 93 F.R.D. 627 (S.D. N.Y. 1982); *Schacht v. Javits,* 53 F.R.D. 321 (S.D. N.Y. 1971); *Bascom Launder Corp. v. Telecoin Corp.,* 15 F.R.D. 277 (S.D.

N.Y. 1953).

The trial court did not abuse its discretion in denying Lussier's motion for consolidation.

### III.

Lussier contends that since Kainz's claims in the defamation case constituted "compulsory counterclaims" in the derivative case under Rule 13(a), HRCP (1981),[3] the trial court should have granted his August 18th motion. We disagree.

Rule 13(a) requires a pleader to state a counterclaim that he has against an "opposing party." The crucial question is whether Lussier was an "opposing party" of Kainz in the derivative case.

The general rule is that "in an action brought in a representative capacity, defendant cannot assert a counterclaim against plaintiff in his individual capacity because it would not be a counterclaim against an 'opposing party.'" 6 C. Wright & A. Miller, Federal Practice and Procedure: *Civil* § 1404, at 16 (1971). A shareholder who brings a derivative action acts in a representative capacity and not in an individual capacity, *Koster v. Lumbermens Mutual Casualty Co.,* 330 U.S. 518, 67 S. Ct. 828, 91 L.Ed. 1067 (1947); *Higgins v. Shenango Pottery Co.,* 99 F. Supp. 522 (W.D. Pa. 1951), and, thus, is not an "opposing party" under Rule 13(a) and cannot be the subject of personal counterclaims. *See Vernon J. Rockler & Co., Inc. v. Minneapolis Shareholders Co.,* 69 F.R.D. 1 (D. Minn. 1975); *Tryforos v. Icarian Development Co.,* 49 F.R.D. 1 (N.D. Ill. 1970), *modified on other grounds,* 518 F.2d 1258 (7th Cir. 1975), *cert. denied,* 423 U.S. 1091, 96 S. Ct. 887, 47 L.Ed.2d 103 (1976); Annot., 1 A.L.R. Fed. 815 (1969).

---

[3] Rule 13(a), HRCP (1981), provides in pertinent part:

A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot require jurisdiction.

Here, in the derivative case, Lussier was the plaintiff in a representative capacity to benefit the corporation Mau-Van. *See Lussier v. Mau-Van Development, Inc. I, supra.* In the defamation action, Kainz, in his individual capacity, was suing Lussier, in his individual capacity. Consequently, Lussier was not an "opposing party" of Kainz in the derivative case and Kainz's defamation claims did not constitute compulsory counterclaims in the derivative case.

We are aware of the case of *Berger v. Reynolds Metals Co.,* 39 F.R.D. 313 (E.D. Pa. 1966). In *Berger,* a minority shareholder filed a derivative action against the majority shareholder and the defendant sought to join the third shareholder of the corporation and counterclaim against both minority shareholders. The plaintiff claimed that he was suing in a representative capacity so he was not an "opposing party." The court, nevertheless, held that the counterclaim was compulsory and proper because the case involved "a tightly held corporation and the adjudication of the rights of *its three and only stockholders." Id.* at 315 (emphasis added). *See also Burg v. Horn,* 37 F.R.D. 562 (E.D. N.Y. 1965). In the derivative case, however, not all of Mau-Van's shareholders were parties to the action. Thus, *Berger,* is inapposite.

We reverse the granting of Lussier's motion for summary judgment and affirm the trial court's denial of Lussier's motion for consolidation and the August 18th motion.

Remanded for further proceedings consistent with this opinion.

*Ronald S. Adelman* for plaintiff-appellant, cross-appellee.

Joinder on answering brief of cross-appellee by *B. Martin Luna* and *Everett Walton* (*Ueoka & Luna,* of counsel) for third-party defendant-cross-appellee.

*Robert A. Smith* (*Richard L. Rost* also on the briefs) for defendant/third-party plaintiff-appellee, cross-appellant.