JOSEPH VLASATY, Plaintiff-Appellant, *v.* THE PACIFIC CLUB and WILLIAM M. SWOPE, Defendants-Appellees

NO. 9093

(CIVIL NO. 64654)

SEPTEMBER 29, 1983

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY TANAKA, J.

In this action for defamation and breach of an employment contract, plaintiff Joseph Vlasaty (Vlasaty) appeals from the summary judgment in favor of defendants The Pacific Club (Pacific) and William M. Swope (Swope).

The sole issue on appeal is whether viewing the evidence in the light most favorable to Vlasaty there is no genuine issue as to any material fact and defendants are entitled to a judgment as a matter of law. We answer yes and affirm.

Pacific, a private club in Honolulu, is a Hawaii non-profit corporation. Swope was the president of Pacific from April 1980 through April 9, 1981. Vlasaty was an employee of Pacific from June 1, 1962 and served as its club manager from March 1964 to June 19, 1980, when his employment was terminated.

On March 2, 1981, Vlasaty filed a complaint alleging that (1) in May and June of 1980, defendants falsely and maliciously accused him of stealing and (2) on June 19, 1980, defendants breached his employment contract with Pacific "by unilaterally terminating it." Record at 3. On March 12, 1981, defendants filed their answer and Swope counterclaimed for damages resulting from Vlasaty's allegedly defamatory letter of June 14, 1980.

On May 28, 1982, defendants filed a motion for summary judgment, which was granted on September 15, 1982. After the stipulated dismissal of Swope's counterclaim, judgment was entered on November 23, 1982, and Vlasaty appealed.

I.

Initially, we address Vlasaty's claim that the lower court erred in granting defendants' motion for summary judgment without giving him an opportunity to depose Swope. He argues that, although there was an agreement between counsel that Swope would be deposed after Vlasaty's deposition was

completed, defendants filed their motion for summary judgment before the completion of Vlasaty's deposition.

In his Memorandum in Response to Motion for Summary Judgment filed on July 20, 1982, Vlasaty stated:

There is an agreement of the parties in this case that the deposition of defendant Swope be taken as soon as defendants complete the deposition of plaintiff. Prior to filing their motion for summary judgment, and since, defendants have not indicated that plaintiff's deposition is completed, Plaintiff would therefore appreciate an opportunity to take defendant Swope's deposition before a final ruling is made on defendants' motion for summary judgment.

Record at 116.

Other than the foregoing, there is nothing in the record indicating Vlasaty's objection based on the alleged agreement. We do not know whether Vlasaty raised any objection at the hearing on the motion since the transcript of the hearing is not a part of the record. The record does not include any evidence of an agreement that Swope would be deposed after the completion of Vlasaty's deposition.[1]

In essence, Vlasaty's objection is based on the ground that he was deprived of an adequate opportunity to conduct discovery. Rule 56(f), Hawaii Rules of Civil Procedure (HRCP) (1981), provides:

Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.

---

[1] In his opening brief, Joseph Vlasaty (Vlasaty) states:

There is no question that an agreement of counsel existed to take Swope's deposition after plaintiff's deposition was completed. It has not been denied and plaintiff has letters not of record to substantiate it.

Opening Brief at 13.

During oral arguments, counsel for defendants denied the existence of any agreement.

However, Vlasaty failed to submit any affidavit as required by Rule 56(f).

Citing *Crutchfield v. Hart,* 2 Haw. App. 250, 630 P.2d 124 (1981), Vlasaty argues that Rule 56(f) should be liberally construed. In *Crutchfield,* defendant's motion for summary judgment was served within three months of the filing of the complaint, and plaintiff's interrogatories to defendant were pending and unanswered when the court granted summary judgment. There, we properly reversed the summary judgment despite the lack of a Rule 56(f) affidavit.

Unlike *Crutchfield,* however, the facts here do not justify our overlooking the Rule 56(f) affidavit requirement. Defendants' motion for summary judgment was filed on May 28, 1981, about 14 months after the commencement of Vlasaty's action. Vlasaty's deposition was taken on May 5 and December 16, 1981, and upon adjournment at the latter date, defendants' counsel stated, "We will continue this over to another date." II Vlasaty's Deposition at 66. As plaintiff, Vlasaty was mainly responsible for moving the case forward by inquiring when the deposition was to be completed.

Based on the circumstances of this case, the lower court did not abuse its discretion and we find no reversible error.

## II.

Under Rule 56(c), HRCP (1981), a summary judgment can be rendered only when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *Hulsman v. Hemmeter Development Corp.,* 65 Haw. 58, 647 P.2d 713 (1982); *Bank of Honolulu v. Anderson,* 3 Haw. App. 545, 654 P.2d 1370 (1982). Vlasaty contends that there are genuine issues of material fact regarding his defamation claim and, therefore, the granting of summary judgment was improper. We disagree.

### A.

Vlasaty claims that the record discloses three incidents of defamation by defendants. The first allegedly occurred on the afternoon of May 22, 1980. Vlasaty testified that when he was

standing close to the club's dining room bar, Swope accused him of "stealing food, liquor and wine from The Pacific Club." I Vlasaty's Deposition at 73. He further testified that a bartender, whose name he could not recall, and a bar waitress were on duty, but he did not know whether they overheard Swope's accusation. However, he went on to testify that later in the same afternoon Ronald Drummondo (Drummondo), then assistant manager of Pacific,[2] told him that he overheard Swope accusing him of stealing.

The second incident allegedly occurred on the morning of May 23, 1980. On that date, there was a supervisors' meeting which Vlasaty did not attend. Vlasaty testified that Pacific's office manager Kiyoshi Uyeno (Uyeno) and head chef Wilbert Kaya (Kaya), who were both present at the meeting, told him that Swope accused Vlasaty of stealing.

The third alleged defamation was in response to a letter Vlasaty mailed to each Oahu resident member of Pacific on June 14, 1980. It stated that Swope had accused him of stealing, that the accusation was untrue, and that such accusation had resulted in damages to him and his family.[3] On June 17, 1980, the secretary of Pacific sent each member a letter which stated:

> The Board of Governors at a special meeting held on June 17, 1980, has investigated the allegations contained in Mr. Vlasaty's letter of June 14, 1980, and has concluded that there is no basis in fact to support any of the allegations.

Record at 127.

### B.

Since the law of defamation protects the interest of reputation, there is no actionable tort unless there has been a "publication" of the defamatory matter. "Publication" means a

---

[2] Ronald Drummondo was later promoted to manager.

[3] Vlasaty mailed the letter at The Pacific Club's expense.

communication to some third party other than the person defamed. *Runnels v. Okamoto,* 56 Haw. 1, 525 P.2d 1125 (1974); 1 F. Harper & F. James, *The Law of Torts* § 5.15 (1956).

Defendants contend that (1) the only evidence supporting the publication of Swope's May 22, 1980 and May 23, 1980 defamatory statements is the hearsay testimony of Vlasaty; (2) hearsay is not competent evidence under Rule 56, HRCP; and (3) consequently, there is no evidence of publication in the record. Vlasaty argues that his testimony regarding publication is not hearsay and, even if it is, it falls within an exception to the hearsay rule.

Rule 801(3), Hawaii Rules of Evidence (HRE) (1981), defines "hearsay" to be "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Vlasaty sought to offer in evidence what Drummondo, Uyeno, and Kaya told him to prove the truth of the matter asserted — that Swope accused Vlasaty of stealing, they heard such accusation and, therefore, there was publication. Thus, Vlasaty's testimony as to the statements of Drummondo, Uyeno, and Kaya was clearly hearsay.

The use of depositions under Rule 56, HRCP, is limited to statements "made on personal knowledge" that "would be admissible in evidence." *Liberty Leasing Co. v. Hillsum Sales Corp.,* 380 F.2d 1013, 1015 (5th Cir. 1967). Hearsay evidence in depositions is inadmissible and may not be considered on a motion for summary judgment. *Sires v. Luke,* 544 F.Supp. 1155 (S.D. Ga. 1982). *See also Blair Foods, Inc. v. Ranchers Cotton Oil,* 610 F.2d 665 (9th Cir. 1980); 6 J. Moore, W. Taggart, & J. Wicker, *Moore's Federal Practice* ¶ 56.11[4] (2d.ed. 1982). *Cf. Cahill v. Hawaiian Paradise Park Corp.,* 56 Haw. 522, 543 P.2d 1356 (1975); *Brown v. Bishop Trust Co., Ltd.,* 44 Haw. 385, 355 P.2d 179 (1960).

However, we find that the statements of Drummondo, Uyeno, and Kaya, testified to by Vlasaty, are admissible as an exception under Rule 803(a)(2)(B), HRE, which provides:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
> (a) Admissions.

*    *    *    *    *

(2) Vicarious admissions. A statement that is offered against a party and was uttered by . . . (B) his agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship, . . . .

Drummondo, Uyeno, and Kaya were supervisory employees of Pacific and their statements to Vlasaty, another supervisory employee, were made within the scope of their employment. Therefore, those statements testified to by Vlasaty were admissible against their employer Pacific. *Hoptowit v. Ray,* 682 F.2d 1237 (9th Cir. 1982); *Nekolny v. Painter,* 653 F.2d 1164 (7th Cir. 1981), *cert. denied,* 455 U.S. 1021, 102 S. Ct. 1719, 72 L.Ed. 2d 139 (1982).

Thus, the record includes admissible evidence of publication of the allegedly defamatory matters. However, the evidence does not help Vlasaty.

## C.

A qualified privilege "arises when the author of the defamatory statement reasonably acts in the discharge of some public or private duty, legal, moral, or social, and where the publication concerns subject matter in which the author has an interest and the recipients of the publication a corresponding interest or duty." *Aku v. Lewis,* 52 Haw. 366, 371, 477 P.2d 162, 166 (1970). *See also Russell v. American Guild of Variety Artists,* 53 Haw. 456, 497 P.2d 40 (1972); *Kainz v. Lussier,* 4 Haw. App. 400, 667 P.2d 797 (1983); *Chow v. Alston,* 2 Haw. App. 480, 634 P.2d 430 (1981). In claiming such privilege, it is essential that the author of the defamatory matter and the recipients have a common interest and the communication is of a type reasonably deemed to protect or further that interest. *Kainz v. Lussier, supra. See also* Comment, *Defamation: A Study in Hawaii Law,* 1 U. Hawaii L. Rev. 84 (1979); Restatement (Second) of Torts § 596 (1979); W. Prosser, *Handbook of the Law of Torts* § 115 (4th ed. 1971).

Defendants claim that the allegedly defamatory statements of Swope and the June 17, 1980 letter were qualifiedly privileged. We agree with defendants regarding Swope's accusation at the May 23 meeting and the June 17 letter.

As the president of Pacific, Swope had the private duty of protecting the interest of Pacific and its members. The recipients of Swope's accusatory statement at the May 23 meeting were supervisory employees of Pacific who worked with Vlasaty, the club manager. The president and supervisory employees of Pacific had a common interest in the subject matter concerning the conduct of Pacific's affairs. *See Williams v. Taylor,* 129 Cal. App. 3d 745, 181 Cal. Rptr. 423 (1982); *Bergman v. Oshman's Sporting Goods, Inc.,* 594 S.W.2d 814 (Tex. App. 1980).

Likewise, Pacific's board of governors, through its secretary, had the duty of apprising the members of the result of its investigation of Vlasaty's charges raised in his own letter of June 14, 1980. The members had a common interest with the board concerning the charges made by the club manager against the president. *See Kainz v. Lussier, supra; Chow v. Alston, supra.*

The question of whether a communication is privileged is to be determined by the court. *Kainz v. Lussier, supra;* Restatement (Second ) of Torts § 619(1) (1977). We hold that Swope's May 23 statement made at the supervisors' meeting and the June 17 letter were qualifiedly privileged.

### D.

Since Vlasaty was the intended recipient of Swope's May 22 statement which was overheard by Drummondo, a question arises whether the defendants may claim qualified privilege for that specific utterance. As discussed above, such privilege is applicable where the recipient to whom a defamatory matter is directed shares a common interest or duty with the author thereof.

The undisputed evidence in the record is that Drummondo was present with Uyeno, Kaya, and Fely Fernando at the May 23 meeting when Swope allegedly accused Vlasaty of stealing.[4]

---

[4] In the affidavits attached to defendants' motion, beside indicating who were present at the meeting, Ronald Drummondo, Kiyoshi Uyeno, and Wilbert Kaya state

We have already held that that accusation was qualifiedly privileged and, therefore, not actionable. We do not think that the same statement made on May 22 lost that privilege merely because it was not made directly to Drummondo.

Consequently, under the facts and circumstances of this case, we hold that the May 22 statement overheard by Drummondo was likewise privileged.

E.

The qualified privilege is conditional and is lost if it is abused. *Russell v. American Guild of Variety Artists, supra; Aku v. Lewis, supra; Chow v. Alston, supra.* Although, whether the qualified privilege was abused is for the trier of fact to determine, *Kainz v. Lussier, supra;* Restatement (Second) of Torts § 619(2)(1977), in reviewing the record, we find no evidence of abuse of the qualified privilege and hold that there is no genuine issue of material fact on this matter.

III.

Although Vlasaty asserts that he had been employed by Pacific for 18½ years and had "permanent status" when he was terminated on June 19, 1980, it is clear from the record that his employment was under a contract of indefinite duration. Such contract, generally, is "terminable at the will of either party, for any reason or no reason." *Parnar v. Americana Hotels, Inc.,* 65 Haw. 370, 374, 652 P.2d 625, 627 (1982).

In *Parnar,* our supreme court ruled:

Because the courts are a proper forum for modification of the judicially created at-will doctrine, it is appropriate that we correct inequities resulting from harsh application

---

that (1) "at no time prior to, during, or subsequent to [the May 23, 1980] meeting" did they hear William M. Swope (Swope) accuse Vlasaty of stealing; (2) at no time did they hear "any accusations" by Swope or by any other member of The Pacific Club (Pacific) "regarding any alleged criminal conduct" on part of Vlasaty; and (3) they had not at any time told Vlasaty about any accusations made by Swope or by any member of Pacific to the effect that Vlasaty "was stealing" from Pacific. Record at 106, 108, 110.

of the doctrine by recognizing its inapplicability in a narrow class of cases. The public policy exception herein represents wise and progressive social policy which both addresses the need for greater job security and preserves to the employer sufficient latitude to maintain profitable and efficient business operations. We therefore hold that an employer may be held liable in tort where his discharge of an employee violates a clear mandate of public policy.

*Id.* 65 Haw. at 379-80, 652 P.2d at 631 (footnotes omitted).

The record in this case discloses no evidence of violation of any public policy by Pacific in the discharge of Vlasaty as an employee. Since the employment contract was terminable at the will of Pacific and there was no violation of any public policy by Pacific, Vlasaty had no actionable breach of contract or tort claim and Pacific, therefore, was entitled to a summary judgment as a matter of law.

Affirmed.

*D.N. Ingman* for plaintiff-appellant.

*Walter Davis (Ashley K. Fenton* and *John C. Wong* with him on the brief; *Davis, Playdon, Reid & Richards,* of counsel) for defendants-appellees.