RICHARD ARIMIZU, Plaintiff-Appellee, *v.* FINANCIAL SECURITY INSURANCE COMPANY, INC., a Hawaii corporation, Defendant-Appellant, and P.A.R. AUTO USED PARTS, INC., a Hawaii corporation, Defendant-Intervenor

NO. 9035

(CIVIL NO. 70092)

MARCH 27, 1984

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY TANAKA, J.

In an action involving multiple claims and parties, defendant Financial Security Insurance Company, Ltd. (FSIC) appeals from the order granting plaintiff Richard Arimizu (Arimizu) a summary judgment on his complaint.

The issues on appeal are (1) whether there are genuine issues of material fact in the record so that summary judgment was improper; (2) whether the circuit court erred in awarding Arimizu an amount equal to his wage claim as a civil penalty under Hawaii Revised Statutes (HRS) § 388-10; and (3) whether the circuit court abused its discretion by determining that there was no just reason for delay and directing the entry of judgment pursuant to Rule 54(b), Hawaii Rules of Civil Procedure (HRCP) (1981). We answer no to all three issues and affirm.

On March 12, 1982, Arimizu filed a complaint alleging that he was owed $4,977 for wages and vacation benefits by his former employer, FSIC. He prayed for that amount plus an additional sum up to $4,977 as a civil penalty under HRS § 388-10.

On April 5, 1982, FSIC filed its answer denying liability and counterclaimed for $14,789.59 representing unpaid loans to Arimizu by United Independent Insurance Agencies, Inc. (UIIA) which had been assigned to FSIC. P.A.R. Auto Used Parts, Inc. (PAR) intervened and on June 10, 1982 filed its counterclaim in intervention alleging that Arimizu owed it $6,250 on a promissory note.

On July 19, 1982, Arimizu moved for a summary judgment on his complaint and FSIC's and PAR's counterclaims. After a hearing, the circuit court on September 22, 1982, filed its order granting a summary judgment in favor of Arimizu only on his complaint. The summary judgment was for $4,900 for unpaid wages and vacation benefits plus an additional $4,900, pursuant to HRS § 388-10, for a total of $9,800. The order included a Rule 54(b), HRCP, determination that "there is no just reason for delay" and a

direction for "the entry of final judgment." On October 20, 1982, FSIC filed its notice of appeal.[1]

## I.

A summary judgment is proper if the record indicates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), HRCP (1981); *see First Insurance Co. v. State*, 66 Haw. 413, 665 P.2d 648 (1983); *Hulsman v. Hemmeter Development Corp.*, 65 Haw. 58, 647 P.2d 713 (1982); *Vlasaty v. Pacific Club*, 4 Haw. App. 556, 670 P.2d 827 (1983). FSIC contends that there are genuine issues of material fact in the record; thus, the granting of summary judgment was error. We disagree.

There is no dispute regarding Arimizu's claim for wages and vacation benefits. In the proceeding below, FSIC and PAR stated in their memorandum in opposition, "Defendants do not oppose the motion insofar as it seeks an interlocutory adjudication that FSI[C] did not pay plaintiff the $4,900.00 in wages and vacation benefits." Record at 70.

However, FSIC argues that there are material facts in dispute on the issues of (1) whether Arimizu's debt to FSIC actually exists and (2) whether FSIC acted in "good faith" when it refused to pay Arimizu's wages and vacation benefits.

The issue regarding the alleged debt of Arimizu to FSIC relates to FSIC's counterclaim. Viewing the evidence in the record in the light most favorable to FSIC, there are genuine issues of material fact regarding that counterclaim and the circuit court properly denied Arimizu a summary judgment on the counterclaim. That denial is not part of this appeal.

The "good faith" issue relates to the circuit court's award of an additional amount as a civil penalty pursuant to HRS § 388-10(a) and is fully discussed in Part II below.

In its argument, FSIC stresses the point that its counterclaim is a valid setoff against Arimizu's complaint and implies that fairness

---

[1] Defendant-intervenor P.A.R. Auto Used Parts, Inc. is not involved in this appeal.

mandates that their resolution be simultaneous. A setoff, however, "arises out of a separate transaction, unrelated to plaintiff's claim," *Pacific Concrete Federal Credit Union v. Kauanoe,* 62 Haw. 334, 338, 614 P.2d 936, 939 (1980), and "is an independent claim." *Miyashiro v. Yap,* 27 Haw. 297, 300 (1923) (quoting *Magoon v. Marks,* 11 Haw. 764, 766 (1899)). Thus, a summary judgment may be granted on plaintiff's undisputed claim despite the existence of defendant's disputed counterclaim by way of setoff. *See Curtiss-Wright Corp. v. General Electric Co.,* 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980).

We hold that Arimizu was entitled to a summary judgment on his claim for wages and vacation benefits as a matter of law.

## II.

Section 388-10(a), HRS (Supp. 1983), provides:

Any employer who fails to pay wages in accordance with this chapter without equitable justification shall be liable to the employee, in addition to the wages legally proven to be due, for a sum up to the amount of unpaid wages.

FSIC claims that it had an "equitable justification" for withholding payment of the wages and vacation benefits[2] due Arimizu and, therefore, the circuit court erred in awarding Arimizu the civil penalty. We do not agree.

The legislative policy underlying Part I of HRS Chapter 388 (1976, as amended) is that an employer should pay to its employees their wages "at least twice during each calendar month" in accordance with the provisions of HRS § 388-2. HRS § 388-5 states that, even if there is a dispute as to the amount of wages, the employer must pay "all wages, or parts thereof, conceded by him to be due." Furthermore, an employer may not deduct or retain any part of the employee's wages "except where required by federal or state

---

[2] Hawaii Revised Statutes (HRS) § 388-1(5) defines "wages" as "compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece, commission, or other basis of calculation." Since the employee handbook provides that upon termination of employment wages will be paid in lieu of vacation benefits, the parties treated plaintiff Richard Arimizu's claim for vacation benefits as a claim for wages.

statute or by court process or when such deductions are authorized in writing by the employee." HRS § 388-6. In addition, the legislature amended HRS § 388-10[3] in 1977 to impose a civil penalty "up to an amount equal to that of the unpaid wages" to "encourage employers to pay wages promptly, reduce an employee's economic losses, and strengthen the law." Hse. Stand. Comm. Rep. No. 205, in 1977 House Journal, at 1374, 1375; also Sen. Stand. Comm. Rep. No. 727, in 1977 Senate Journal, at 1160.

The 1977 statute is unclear whether the employer or the employee bears the burden of proof regarding the existence or nonexistence of "equitable justification" and legislative history sheds no light on this matter. The public policy that employees be paid promptly, which permeates Part I of HRS Chapter 388, and the legislative intent in its enactment of HRS § 388-10(a) compel our construction of the section to mean that the employer has the burden of proving equitable justification.[4] The employee does not have the burden of proving the lack of such a defense.

FSIC argues that (1) it had a "good faith" belief that Arimizu's wages could be withheld because of its setoff claim against him, (2) such belief amounted to an "equitable justification," and (3) consequently, the award of the additional sum under HRS § 388-10(a) to Arimizu was error. We disagree.

Under Rule 56(c), HRCP, once the movant satisfies the initial burden of showing the absence of a genuine issue of material fact, "then the burden shifts to the opponent to come forward with specific facts showing that there remains a genuine issue for trial." *Securities & Exchange Commission v. Murphy*, 626 F.2d 633, 640 (9th Cir. 1980). *See also* 6 J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* ¶ 56.15[3] (2d ed. 1983); 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure: *Civil* 2d (hereinafter

---

[3] Prior to its amendment in 1977, HRS § 388-10 provided for criminal penalties only.

[4] In Louisiana, there is a statute analogous to HRS § 388-10(a), but without an express "equitable justification" exception. There, the courts have read into the statute the availability of an "equitable justification" defense to the employer, *Martin v. Burns*, 267 So.2d 913 (La. App. 1972), and an "equitable justification" defense has been held to mean "a good faith non-arbitrary defense." *Carriere v. Pee Wee's Equipment Co.*, 364 So.2d 555, 557 (La. 1978). *See also Hess v. Pembo*, 422 So.2d 503 (La. App. 1982).

Wright, Miller & Kane) § 2727 (1983); 73 Am. Jur. 2d *Summary Judgment* § 24 (1974). Here, Arimizu showed through the deposition testimony of Irving Griff (Griff) and Tom S. Katsuda (Katsuda) that there was no genuine issue regarding the fact that FSIC owed, but refused to pay, the wages and vacation benefits claimed by him. FSIC not only failed to interpose the "equitable justification" defense in its answer but also failed to factually raise this defense in resisting Arimizu's motion for summary judgment. No such defense appears in those portions of Griff's and Katsuda's deposition to which the trial court was referred, *Munoz v. Yuen,* 66 Haw. 603, 670 P.2d 825 (1983), Griff's affidavit, or any other document in the record. The "equitable justification" defense is merely raised as an argument without evidentiary support in FSIC's Memorandum in Opposition to the Motion for Summary Judgment.

Although the circuit court did not spell out its reasons for awarding Arimizu an additional sum under HRS § 388-10(a), the facts in the record and the applicable statutes support the court's action.

First, HRS §§ 388-5 & -6 do not permit the withholding of any part of Arimizu's wages and FSIC did not dispute his wage claim.

Second, prior to April 2, 1982, when FSIC withheld Arimizu's wages, it had no right and interest in the two promissory notes made by Arimizu. Only by virtue of the written assignment of that date did FSIC acquire such right and interest.[5] Thus, it had no statutory grounds for the nonpayment of Arimizu's wages.

Additionally, the record reveals no attempt by FSIC to verify whether its stance was legally proper.

FSIC further asserts that HRS § 388-10(a) was intended to benefit the "low level employee." Reply Brief at 7. It claims that Arimizu, as a shareholder and an executive officer, was not the type of employee encompassed by the section. However, HRS § 388-10(a) imposes a liability on the employer in favor of the em-

---

[5] On April 2, 1982, FSIC acquired by a written assignment UIIA's right and interest in two promissory notes made by Arimizu. FSIC paid no monetary consideration for the assignment and agreed to pay UIIA all proceeds collected on the notes. In essence, FSIC was acting as a collection agent for UIIA.

ployee, and the term "employee," as defined in HRS § 388-1(4), does not differentiate between employees by their responsibilities or wages earned. This argument is without merit.

We hold that there is no genuine issue of material fact regarding the existence of an "equitable justification" defense and that the circuit court did not err in imposing the HRS § 388-10(a) civil penalty on FSIC.

### III.

This action involves multiple claims and multiple parties. Rule 54(b), HRCP, provides in pertinent part:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

FSIC contends that the circuit court abused its discretion by its Rule 54(b) determination that there was no just reason for delay and its direction for entry of judgment. We find no abuse of discretion.

### A.

First, FSIC argues that Arimizu made no request, by motion or otherwise, for a Rule 54(b) certification, and the certification first appeared in the Order Granting Motion for Summary Judgment on Plaintiff's Complaint (Order) which had been prepared by Arimizu's counsel. Thus, it had no opportunity to object to the certification.

Rule 54(b) does not prescribe any procedure for obtaining a certificate. Although the normal procedure is to request such certification by motion, a trial court may consider the matter *sua sponte* in an appropriate case. *See* 10 Wright, Miller & Kane § 2660.

The record discloses that FSIC's counsel "refused" to approve the proposed Order as to form. Rule 23, Rules of the Circuit Courts (RCC) (1981), provides that if a party objects to a proposed

order, "he shall within 5 days thereafter serve upon the prevailing party and deliver to the court a statement of his objections and the reasons therefor, . . . and in such event, the court shall proceed to settle the . . . order." Not having filed such an objection pursuant to Rule 23, RCC, FSIC has no basis for complaint in this regard on appeal.

### B.

FSIC next asserts that the Rule 54(b) certification was improper because its counterclaim for a setoff had not been adjudicated.

A federal court of appeals has stated that it "view[s] the presence of a counterclaim seeking a set-off as one factor weighing against the grant of 54(b) certification." *Allis-Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360, 366 (3d Cir. 1975). However, in *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980), the Supreme Court noted in a similar situation that:

> The mere presence of such claims [counterclaims], however, does not render a Rule 54(b) certification inappropriate. If it did, Rule 54(b) would lose much of its utility. In *Cold Metal Process Co. v. United Engineering & Foundry Co.*, 351 U.S. 445 (1956), this Court explained that counterclaims, whether compulsory or permissive, present no special problems for Rule 54(b) determinations; counterclaims are not to be evaluated differently from other claims. 351 U.S., at 452. Like other claims, their significance for Rule 54(b) purposes turns on their relationship with the claims on which certification is sought.

446 U.S. at 9, 100 S.Ct. at 1465, 64 L.Ed.2d at 11.

Although the relationship between a plaintiff's claim and a counterclaim alleging a setoff is close, there are other equities to be weighed as well.

One factor which FSIC claims tips the equities in its favor is the fact that the Rule 54(b) certification imposes a hardship on FSIC because the amount of its counterclaim exceeds the summary judgment in Arimizu's favor. It argues that if FSIC is required to satisfy the summary judgment because it has been certified as final and Arimizu is unable to satisfy a judgment in FSIC's favor subse-

quently obtained, it will lose not only the amount paid to Arimizu but also the amount of its unsatisfied judgment. The equities, therefore, weigh in favor of FSIC and the Rule 54(b) certification was an abuse of the circuit court's discretion. We disagree.

Rule 54(b) confers on the trial judge a "wide range of discretion . . . in deciding whether there is no just reason for delay," thus, the court "should feel free to consider any factor that seems relevant to a particular action." 10 Wright, Miller & Kane § 2659, at 101. Additionally, an appellate court "should disturb the trial court's assessment of the equities only if it can say that the judge's conclusion was clearly unreasonable." *Curtiss-Wright Corp. v. General Electric Co.,* 446 U.S. at 10, 100 S.Ct. at 1466, 64 L.Ed.2d at 13.

In determining that there was no just reason for delay, the circuit court was free to evaluate the following supporting facts. First, there was nothing in the record to indicate that Arimizu would be judgment proof if and when FSIC obtained a judgment on its counterclaim. Second, as discussed above, statutory policy dictated that Arimizu was entitled to payment of his wage claim without delay. Third, FSIC's counterclaim was, in essence, UIIA's claim[6] and UIIA was not a party in the action.

We hold that the circuit court's Rule 54(b) certification was not clearly unreasonable and was not an abuse of its discretion. *See Sapp v. Wong,* 62 Haw. 34, 609 P.2d 137 (1980); *Clarkin v. Reiman,* 2 Haw. App. 618, 638 P.2d 857 (1981).

Affirmed.

*Rodney I. Kimura (Gary Y. Shigemura* and *Randall Y.C. Ching* with him on the briefs; *Shigemura & Ching,* A Law Corporation, of counsel) for defendant-appellant.

*Charles S. Gerdes* for plaintiff-appellee.

---

[6] *See supra* note 5.