**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000668
23-APR-2026
10:46 AM
Dkt. 66 SO**

NO. CAAP-24-0000668

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

VANESSA OTT, Plaintiff-Appellant,
v.
CHRISTINE ASUNCION, Defendant-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-22-0001342)

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

Self-represented Plaintiff-Appellant Vanessa **Ott**, a self-described citizen-advocate for systemic improvement in the Hawaiʻi public education system, appeals from the Circuit Court of the First Circuit's entry of summary judgment in favor of Defendant-Appellee Christine **Asuncion**, a special education science teacher at Robert Louis **Stevenson Middle School**.[1]

---

[1] The Honorable Dean E. Ochiai presided.

Ott appeals from both the circuit court's September 11, 2024 "Findings of Fact and Conclusions of Law" and its September 26, 2024 Judgment.

On appeal, Ott asserts eleven points of error, which we construe as challenging the circuit court's grant of summary judgment.[2]

_____

[2] As presented, Ott's points of error on appeal are:

"1. The Circuit Court erred by deciding disputed issues of material facts normally decided by the 'trier of fact' instead of acknowledging the existence of clear and convincing evidence that disputes exist."

"2. The Circuit Court Erred In Its FOF By Fraudulently Altering Defendant's Defamatory Statements To Remove Defendant's False Allegations about Plaintiff."

"3. The Circuit Court Erred By Omitting Substantive Material Evidence Of The Actual Punishment Inflicted On Ms. Ott And The Causal Connection Between Ms. Asuncion's False Accusations About Ms. Ott And The Resulting Punishment."

"4. The Circuit Court erred in its Conclusions of Law by inserting the words 'or employee' after 'government official' in its cited cases thereby misrepresenting legal precedents which afford qualified privilege immunity to government officials performing discretionary duties, but not to government employees performing operational duties."

"5. Because Defendant Is Not A Government Official And Was Not Performing Any Discretionary Duty, The Circuit Court Abused Its Discretion by Granting Qualified Privileged Immunity to Defendant."

"6. The Circuit Court Erred In Concluding That Defendant Writing Her Defamatory Declaration Was Part Of Her Job Duties."

"7. The Circuit Court Erred In Concluding Defendant's Declaration Written Per The Principal's Request Is The Only Act of Defamation by Defendant."

"8. The Circuit Court Erred When Concluding There Is No Evidence Defendant Was Motivated by Ill Will When Defaming Plaintiff For An Improper Purpose."

"9. The Circuit Court Abused Its Discretion In Deciding Ms. Ott Has Unclean Hands When There Is No Evidence of Misconduct By Ms. Ott."

(continued . . .)

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below and affirm.

In a declaration made at the request of Asuncion's supervisor, Stevenson Middle School Principal Katherine Balatico (**Principal Balatico**), Asuncion documented disruptive conduct, attributed to Ott, occurring in Asuncion's remote classroom during the COVID-19 pandemic, while Ott was serving as a volunteer home tutor to one of Asuncion's students. Principal Balatico subsequently shared Asuncion's declaration to the Complex Area Superintendent Linell Dilwith (**CAS Dilwith**).

In her declaration, Asuncion made the following relevant allegations:

- On September 3, 2020, Ott appeared on camera and "began to yell at me to 'reboot my computer.'" Asuncion ignored the interruption and Ott "continued to yell at me saying, 'I've been telling you for the past 5 minutes to reboot your

_____

(. . . continued)

"10. The Circuit Court Violated Ms. Ott's US Constitutional First Amendment Right To Speak In Her Own Home."

"11. The Circuit Court Erred in Concluding That Plaintiff Has Not Suffered Any Actionable Damages Caused by Defendant's Defamatory Statements."

(Formatting altered.) To determine whether the circuit court erred in granting summary judgment, we conduct a de novo review applying the analysis set forth below. See Hilo Bay Marina, LLC v. State, 156 Hawai'i 478, 487, 575 P.3d 568, 577 (2025) ("[F]indings of fact made by a trial court in relation to a summary judgment ruling are not binding on appeal, nor do they alter our de novo standard of review regarding a summary judgment ruling.").

computer and you are not doing it.'" Asuncion again ignored the interruption. Ott "continued to interrupt by stating loudly, 'I don't understand for the past 10 minutes I have been telling her to reboot her computer and she won't listen.'"

- On September 11, 2020, Asuncion heard Ott "scream very loudly in the background, 'I'm bored!'" on three separate occasions.

Ott brought an action against Asuncion as the sole named defendant in the circuit court. Ott argued the statements were defamatory because, in the first instance, Ott was speaking to her tutee, not Asuncion, and, in the second instance, Asuncion mistook one of her other students' voices for Ott's.

In granting summary judgment, the circuit court concluded that the statements were not defamatory and that, in any event, their publication was entitled to qualified privilege.

The circuit court's grant of summary judgment is reviewed de novo following well-settled principles of law. Hilo Bay Marina, LLC v. State, 156 Hawaiʻi 478, 486-87, 575 P.3d 568, 576-77 (2025).

A defendant movant "may satisfy [its] initial burden of production by either (1) presenting evidence negating an element of the non-movant's claim, or (2) demonstrating that the [non-movant] will be unable to carry [its] burden of proof at trial." Ralston v. Yim, 129 Hawaiʻi 46, 60, 292 P.3d 1276, 1290 (2013). "Where the movant attempts to meet [its] burden through

4

the latter means, [it] must show not only that the non-movant has not placed proof in the record, but also that the [non-movant] will be unable to offer proof at trial." Id. at 60-61, 292 P.3d at 1290-91 (emphasis omitted).

"Only when the moving party satisfies its initial burden of production does the burden shift to the non-moving party to respond to the motion for summary judgment and demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial." French v. Hawaii Pizza Hut, Inc., 105 Hawai'i 462, 470, 99 P.3d 1046, 1054 (2004) (emphasis and citation omitted).

Courts have recognized a defeasible, conditional or qualified privilege as a defense to liability in a suit for defamation. Chow v. Alston, 2 Haw. App. 480, 484, 634 P.2d 430, 434 (App. 1981).

> A qualified privilege "arises when the author of the defamatory statement reasonably acts in the discharge of some public or private duty, legal, moral, or social, and where the publication concerns subject matter in which the author has an interest and the recipients of the publication a corresponding interest or duty."

Vlasaty v. Pacific Club, 4 Haw. App. 556, 562, 670 P.2d 827, 832 (App. 1983) (quoting Aku v. Lewis, 52 Haw. 366, 371, 477 P.2d 162, 166 (1970)). "This privilege is intended to facilitate full and unrestricted communication on matters in which the parties have a common interest or duty." Kelley v. Tanoos, 865 N.E.2d 593, 598 (Ind. 2007) (internal quotation marks and citation omitted).

5

"In claiming such privilege, it is essential that the author of the defamatory matter and the recipients have a common interest and the communication is of a type reasonably deemed to protect or further that interest."  Vlasaty, 4 Haw. App. at 562, 670 P.2d at 832 (citing Kainz v. Lussier, 4 Haw. App. 400, 405, 667 P.2d 797, 801 (App. 1983)).  "[W]hether the defamatory communication was privileged is an issue of law to be determined by the court."  Calleon v. Miyagi, 76 Hawai'i 310, 319, 876 P.2d 1278, 1287 (1994) (brackets omitted) (quoting Kainz, 4 Haw. App. at 405, 667 P.2d at 802).

Here, the record shows that Asuncion published her statements to Principal Balatico, who then published them to CAS Dilwith, for the purpose of preventing further disruptions by Ott to her classes.  Undoubtedly, Asuncion, Principal Balatico, and CAS Dilwith all shared "a common, corresponding interest" in Ott's disruptive behavior sufficient to establish entitlement to qualified privilege.  See Russell v. Am. Guild of Variety Artists, 53 Haw. 456, 461, 497 P.2d 40, 44 (1972); see also Vlasaty, 4 Haw. App. at 562, 670 P.2d at 832.

And Ott made no showing that the publication did not reasonably further that interest or that the publication was any broader than was reasonably required for that purpose.  Nothing in the record shows that the publication went further than those three interested parties and Ott herself, until Ott disseminated

6

the statement more broadly through her website and subsequent litigation.  See Vlasaty, 4 Haw. App. at 562, 670 P.2d at 832.

Because we conclude Asuncion established that there was no material dispute as to whether the publication was entitled to qualified privilege, we turn now to whether that entitlement was forfeited by abuse.  See Calleon, 76 Hawaiʻi at 319, 876 P.2d at 1287 ("If the court decides that the defendant possessed the qualified privilege, it must then declare the existence of the privilege as a matter of law and submit the abuse of privilege issue to the jury for determination.").

There is no abuse where the defamatory communication is made in good faith and without malice.  See Russell, 53 Haw. at 463-64, 497 P.2d at 45-46.  In the context of qualified privilege, courts apply a reasonable person test, whereunder acting without malice means that "the defendant is required to act as a reasonable man under the circumstances, with due regard to the strength of his belief, the grounds that he has to support it, and the importance of conveying the information."  Id. at 463 n.4, 497 P.2d at 45 n.4 (quoting Prosser, The Law of Torts, 795-96 (4th ed. 1971)); Awakuni v. Awana, 115 Hawaiʻi 126, 140-41, 165 P.3d 1027, 1041-42 (2007) (affirming reasonable person test).

To establish abuse of qualified privilege, the plaintiff must show clear and convincing evidence of malice or

improper purpose. <u>Towse v. State</u>, 64 Haw. 624, 631-34, 647 P.2d 696, 702-04 (1982) (affirming summary judgment where review of the record did not show "clear and convincing proof as to the existence of malice and improper purpose").

Ott appears to argue that the statements were made in retaliation for her advocacy on behalf of her tutee. However, Ott points to no specific facts, let alone clear and convincing evidence, in the record showing that the publication was for an improper purpose or otherwise motivated by malice. <u>See</u> <u>id.</u>

Based on the foregoing, we affirm the circuit court's September 11, 2024 "Findings of Fact and Conclusions of Law" and its September 26, 2024 Judgment.

DATED: Honolulu, Hawai'i, April 23, 2026.

On the briefs:                          /s/ Keith K. Hiraoka
                                        Presiding Judge
Vanessa Ott,
Self-represented Plaintiff-             /s/ Clyde J. Wadsworth
Appellant.                              Associate Judge

Randall M. Wat,                         /s/ Sonja M.P. McCullen
Carter K. Siu,                          Associate Judge
Deputy Attorneys General,
for Defendant-Appellee.