JOAN MARIE OTTENSMEYER, Plaintiff-Appellant, *v.*
LEONARD BASKIN, JOHN ROBERT POWERS SCHOOL OF
HAWAII, INC., Defendants, and RICHARD YOU and MISS
UNIVERSE, INC., Defendants-Appellees

NO. 6941

APRIL 2, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a judgment in favor of the defendants
below. Summary judgments had been granted first to Appellee Miss
Universe, Inc. and later to Appellee Dr. Richard You. Appellant, of
course, contends that there were sufficient genuine issues of mate-
rial fact raised by the record so as to defeat the summary judgments.
We agree.

With respect to Appellee Miss Universe, Inc., it is apparent from
the record that there is no genuine issue of material fact as to
whether it did anything itself which would give rise to a claim for
relief against it by appellant. Appellee Miss Universe, Inc.'s only
exposure, therefore, is one of vicarious liability based upon Appellee

Dr. You's being either its actual or apparent agent who, in some way, wronged the appellant. We therefore first consider whether summary judgment was properly granted in favor of Appellee Dr. You although that order, in fact, was the second summary judgment order entered.

Appellant was a contestant for the title of Miss Hawaii-U.S.A. 1974. The Hawaii pageant was put on by Appellee Dr. You as a franchisee of Appellee Miss Universe, Inc. The winner would receive certain emoluments and would be a contestant for the title Miss U.S.A. 1974 at the Niagara Falls, New York, pageant. In the 1974 Hawaii pageant, the declared winner was one Agnes Lum who, however, was ineligible for the title by reason of her age. It is contended that Appellee Dr. You knew this in advance of the pageant and that after the pageant he took active steps to prevent appellant, who was first runner-up, from being declared Miss Hawaii-U.S.A. 1974, deprived her of the publicity she should have received and the rewards she anticipated as flowing therefrom as well as some of the emoluments which she claims she should have received.

A number of depositions were taken and it is apparent from an examination of the whole record, considering the depositions and answers to interrogatories, that the assertions made in Dr. You's affidavit in support of his motion for summary judgment were contested in material respects. For example, the deposition of Camille Deubel indicated that the fact of Lum's age and ineligibility was brought up at a meeting attended by Dr. You before the contest took place.

It is also apparent from the transcript of the hearing that the judge below in granting the motion and later denying reconsideration of his order felt it incumbent upon the appellant to file affidavits in opposition to Dr. You's affidavit. A literal reading of Rule 56(e), Hawaii Rules of Civil Procedure (HRCP), could be interpreted to support the court's position. Thus, that rule provides in part:

> The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth

> specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

The record in this case makes it clear that appellant's only response to the motion was an oral one by her counsel at the hearing on the motion where he claimed that a deposition established that there was evidence that Dr. You knew of Agnes Lum's age problem prior to the contest.

Rule 7(b) of the Rules of the Circuit Court provides:

> An opposing party may serve and file counter affidavits and a written statement of reasons in opposition to the motion and of the authorities relied upon, which shall be served and filed not later than 24 hours preceding the time set for the hearing, except as otherwise provided by the *Hawaii Rules of Civil Procedure* or ordered by the court.

No attempt was made to comply with that rule. However, the day following the hearing on the motion, appellant's counsel filed a motion for reconsideration with an affidavit of counsel attached thereto which did specifically point to conflicts in the record between Dr. You's affidavit and the depositions. At that point, the order for summary judgment had not yet been entered. The court subsequently heard the motion for reconsideration, denied it and only thereafter was the order granting the motion for summary judgment entered. This appeal followed.

The procedure followed by counsel for the appellant in this case seems to us to have violated both Rule 56(e), HRCP, and Circuit Court Rule 7(b). In the circumstances of this case, it was an imposition on the court below for appellant's counsel to have failed to file a timely written response to the motion for summary judgment calling specific attention to those portions of the record, such as depositions, which raised genuine issues of material fact.

Nevertheless, we are constrained to review the whole record on this appeal to see whether or not genuine issues of material fact existed, for as the Supreme Court of this State has said on more than one occasion:

> 'On review of a summary judgment proceeding, the standard to be applied by this court is identical to that employed by the trial court. [Citation omitted.] This means that ". . . the inferences to be drawn from the underlying facts alleged in the materials (such

as depositions, answers to interrogatories, admissions and affidavits) considered by the court in making its determination must be viewed in the light most favorable to the party opposing the motion." '

*Technicolor, Inc. v. Traeger, supra,* 57 Haw. at 118, 551 P.2d at 168;
*Gum v. Nakamura,* 57 Haw. at 42-43, 549 P.2d at 474.

*Gealon v. Keala,* 60 Haw. 513, 518-519, 591 P.2d 621, 625 (1979).

On an examination of the record, it is apparent that there were genuine issues of material fact raised therein and accordingly, the summary judgment in favor of Dr. You must be reversed.

With respect to Appellee Miss Universe, Inc., its counsel points out that the franchise agreement contains language which, in effect, expressly disclaimed any agency on the part of the franchisee, Appellee Dr. You, and he argues therefore, that the summary judgment in its favor was properly granted. However, the franchise agreement must be read as a whole and the actual control exercised over Dr. You must be considered. It is apparent to us upon a consideration of the whole record, that the controls specified in the contract as well as those exercised over Dr. You by Appellee Miss Universe, Inc. and the manifestations of control apparent to the contestants, such as appellant, were sufficient to create a jury issue as to whether Dr. You was, in fact, the actual or apparent agent of Appellee Miss Universe, Inc. In other words, there were in the record sufficient indications of actual or apparent authority on the part of Dr. You to do what he did to raise genuine issues of material fact as to his status as an agent. The matter should have been left for the determination of actual or apparent agency after a trial. Summary judgment in favor of Appellee Miss Universe, Inc. was, therefore, improvidently granted and is reversed.

Accordingly, the case is remanded to the court below for further proceedings consistent herewith.

*Fred W. Rohlfing (Rohlfing, Robertson & Smith* of counsel) for plaintiff-appellant.

*Edward Y. N. Kim (Blake T. Okimoto* on the brief) for defendant-appellee Richard You.

*Carl Tom (Michael M. Doran* on the brief, *Damon, Key, Char & Bocken* of counsel) for defendant-appellee Miss Universe, Inc.