403 So.2d 607 (1981)
MISAL CONSTRUCTION COMPANY, INC., a Florida Corporation, Appellant,
v.
RUSCO INDUSTRIES, INC., a Corporation, d/b/a Look Products, Appellee.
No. 80-713.
District Court of Appeal of Florida, Fourth District.
September 16, 1981.
Mark C. Menser, Fort Lauderdale, for appellant.
Bruce David Green of Levine & Green, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
Appellee Rusco Industries, Inc., sued appellant Misal Construction Company, Inc., in two counts, a) for $2,544.48 due and owing according to an account attached to the complaint and b) for $2,544.48 based upon an account stated. Misal's answer contained a general denial of all the crucial allegations of the complaint except that it admitted having had business dealings with appellee. The answer also contained an affirmative defense of failure of consideration resulting from failure to deliver goods *608 contracted for and furnishing defective and inferior workmanship and materials. The trial court entered summary judgment for Rusco and this appeal ensued.
Rusco filed an affidavit in support of its motion for summary judgment, stating that Misal was indebted to Rusco in the sum of $2,544.48. Thus, while the affidavit is no model it might be sufficient to prove Count I. However, it states nothing in support of the second count, which is based on an account stated. But more importantly the affidavit is insufficient to carry the day because there are answers to interrogatories that show that a genuine issue of fact remains in the case. Rusco filed some 29 interrogatories to Misal which Misal answered in almost monosylabic fashion. The answers would certainly justify a motion to compel better answers. However inadequate the responses may appear, they unquestionably demonstrate a genuine issue of material fact between these parties. For example, one answer admits Misal ordered goods, merchandise, and services from Rusco. But various other answers support Misal's pleadings in that the answers to interrogatories asserted the goods in question were damaged and that Rusco agreed to correct certain deficiencies but did not do so.
Much of the argument in the briefs deal with the contention that the party moved against must file a counter-affidavit or suffer summary judgment. This, of course, is not correct. If the court file contains other competent proof such as depositions, admissions, or answers to interrogatories, which contradicts the moving party's claim, it is not necessary for the non-moving party also to file an affidavit to counter the movant's affidavit. That is not to say that good practice may not often suggest also filing an affidavit so as to point up the contradicting statements which may be buried throughout a voluminous court file.
We believe this record demonstrates sufficient evidence of genuine issues of material fact to require a trial or at least further discovery before summarily terminating the litigation.
REVERSED AND REMANDED.
DOWNEY, ANSTEAD and MOORE, JJ., concur.