PETER B. MUNOZ, Plaintiff-Appellant, *v.* GEORGE YUEN, Director of the Department of Health of the State of Hawaii, HENRY THOMPSON, Deputy Director of the Department of Health of the State of Hawaii, WILLIAM HEXAMER, Enforcement Officer of the Department of Health of the State of Hawaii, and ANDREW GRAY, Emergency Services Officer of the Department of Health of the State of Hawaii, WILLIAM J. HEXAMER, individually, ANDREW P. GRAY, individually, and the DEPARTMENT OF HEALTH OF THE STATE OF HAWAII, Defendants-Appellees

NO. 8460

(CIVIL NO. 4403)

OCTOBER 20, 1983

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

*Per Curiam.* Defendant-appellee State of Hawaii[1] has moved to strike portions of the opening brief of Plaintiff-appellant Peter Munoz (Appellant). The precise issue before us is whether depositions on file in the case but not brought to the trial court's attention in connection with a motion for summary judgment can be considered by the appellate court in determining whether the award of summary judgment was proper.

The State argues the depositions of Larry Walter and Brian Dellaport and a decision of the Referee for Unemployment Insurance Appeals were not called to the attention of the trial court, and likewise, should not be brought to this court's attention on the appeal. Appellant's response is that Rule 56(c), Hawaii Rules of Civil Procedure (HRCP), does not require a litigant to call the trial court's attention, by way of memorandum or otherwise, to a deposition, affidavit, interrogatory or admission on file in a summary judgment proceeding. Appellant further maintains it is sufficient that such documents be on file prior to the determination of the summary judgment motion to allow their use in the appellate process.

Appellant cites *Higgenbotham v. Ochsner Foundation Hospital,* 607 F.2d 653 (5th Cir. 1979), *Smith v. Hudson,* 600 F.2d 60 (6th Cir.), *cert. dismissed,* 444 U.S. 986 (1979), and *Ottensmeyer v. Baskin,* 2 Haw. App. 86, 625 P.2d 1069 (1981),[2]

---

[1] The defendants in this appeal are George Yuen, Director of the Department of Health; Henry Thompson, Deputy Director of the Department of Health; William Hexamer, individually and as Enforcement Officer, Department of Health; Andrew Gray, individually and as Emergency Services Officer, Department of Health; the Department of Health; and the State of Hawaii.

[2] *Ottensmeyer* is not in point. In that case, after the oral ruling but before the entry of the order for summary judgment, the plaintiff specifically called the deposition evidence relied on to the trial court's attention. While we do not condone such a delayed compliance with Rule 56(e), HRCP, we think the circumstances there dictated that the trial and appellate courts should consider the matters raised.

in support of his proposition. *Higgenbotham* states:

> It is bootless to contend, as defendants did on oral argument, that, although the deposition was filed in the record, it could properly be ignored by the judge in ruling on the motion for summary judgment because plaintiff's counsel did not in some manner bring it directly to the judge's attention. Fed.R.Civ.P. 56(c) provides in part:
>
>> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
>
> The rule does not distinguish between depositions merely filed and those singled out by counsel for special attention.

607 F.2d at 656.

However, we do not choose to follow the approach espoused in *Higgenbotham* and *Smith*. If the appellate court is to consider all depositions, interrogatories, and admissions, it may be considering inadmissible evidence contained therein. It is axiomatic that a motion for summary judgment should be decided on the basis of admissible evidence. *Munoz v. International Alliance of Theatrical State Employees,* 563 F.2d 205 (5th Cir. 1977); 10 Wright & Miller, *Federal Practice and Procedure, Civil,* §§ 2721-2722. Moreover, we would be imposing an undue burden on the trial court by requiring it to examine every deposition, answer to interrogatory, or admission on file, especially where the record is voluminous. It is the duty of counsel to specifically cite those portions of the record that raise or dispose of genuine issues of material fact. *See Ottensmeyer v. Baskin, supra; Misal Construction Co. v. Rusco Industries, Inc.,* 403 So. 2d 607 (Fla. App. 1981). By making this an obligation of counsel, relevant evidence will be brought to the court's attention in an efficient manner; it will save the court's time and expedite the decision.

We have consistently ruled that the standard to be followed by an appellate court in reviewing a summary judgment is identical to that applicable to the trial court's consideration of the motion. *Silver v. George,* 64 Haw. 503, 644 P.2d 955 (1982).

And this court can only consider those materials in the record, *Orso v. City & County,* 55 Haw. 37, 514 P.2d 859 (1973), that were considered by the trial court in its determination of the motion. *Silver v. George, supra; Miller v. First Hawaiian Bank,* 61 Haw. 346, 604 P.2d 39 (1979); *Technicolor v. Traeger,* 57 Haw. 113, 551 P.2d 163 (1976). Thus, in reviewing a summary judgment, this court will not examine evidentiary documents, such as depositions and admissions, not specifically called to the attention of the trial court, even though they may be on file in the case.

An examination of the documents filed in support of and in opposition to the State's motion for summary judgment and the transcript of the proceedings below reveals that the depositions of Walter and Dellaport were not cited by Appellant in his attempt to establish a genuine issue of material fact. Appellant did bring to the trial court's attention his answers to interrogatories below, claiming the answers relating to certain prospective witnesses created a genuine issue of material fact. The names of Larry Walter and Brian Dellaport and a short summary of their potential testimony appear in the answers. But Appellant neglected to bring their depositions to the attention of the court below. Consequently, references to Walter's and Dellaport's depositions in Appellant's opening brief are hereby stricken. Furthermore, the referee's decision which was attached to Appellant's complaint was not sworn to or certified as required by Rule 56(e), HRCP, and should not have been considered on the motion for summary judgment. *Pacific Concrete Federal Credit Union v. Kauanoe,* 62 Haw. 334, 614 P.2d 936 (1980). Accordingly, references to the referee's decision are also hereby stricken from Appellant's opening brief.

Appellant is hereby ordered to file a new opening brief, eliminating all references to the depositions of Larry Walter and Brian Dellaport and the referee's decision, within thirty (30) days from the date of this decision. It is further ordered that the State's answering brief shall be filed within thirty (30) days from the receipt of Appellant's revised opening brief and Appellant may file a reply brief within thirty (30) days from the receipt of Appellee's answering brief.

*Glenn I. Kimura* and *Gerald C. Yoshida,* Deputies Attorney General, for defendants-appellees, for the motion.

*James Krueger* and *Gregory D. Ball* (*James Krueger, Attorney at law, A Law Corporation, of counsel*) for plaintiff-appellant, contra.