ROSEMARY T. LEARY, as Special Administrator of the Estate of JOSEPH P. TORREZ, Deceased, SALLY TORREZ and JOHN R. TORREZ, survivors of JOSEPH P. TORREZ, Plaintiffs-Appellants, *v.* MATTHEW JOHN POOLE, Defendant-Appellee, and CITY AND COUNTY OF HONOLULU; STATE OF HAWAII; FRANK'S TOWING SERVICE, INC.; JOHN DOES 1-5; MARY DOES 1-5; DOE PARTNERSHIPS 1-5; and DOE CORPORATIONS 1-5, Defendants, and CITY AND COUNTY OF HONOLULU and STATE OF HAWAII, Defendants and Third-Party Plaintiffs, *v.* GAYLE E. PARKS, Third-Party Defendant

NO. 9779

(CIVIL NO. 68444)

JUNE 25, 1985

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY TANAKA, J.

In this appeal plaintiffs Rosemary T. Leary, as Special Administrator of the Estate of Joseph P. Torrez (Torrez), Deceased, and Sally and John R. Torrez, parents of Torrez (collectively Plaintiffs), question the appropriateness of the summary judgment entered in favor of defendant Matthew John Poole (Poole) in a wrongful death action based on negligence. The dispositive issue is whether, on the evidence presented by the motion, negligence and proximate cause remain factual questions for jury determination. We answer yes and reverse.

On the night of October 4, 1979, while Poole was driving a Cadillac coupe from Mililani to Pearl City on Kamehameha Highway, the vehicle collided into and damaged a portion of the guardrail along the highway near Kipapa Gulch. The Cadillac went over the guardrail and came to rest on the opposite side of the guardrail from the highway. Police officers arrived to investigate. Poole was taken to the Pearlridge Hospital for treatment of his injuries while the Cadillac was left at the scene of the accident.

On the next day, employees of Frank's Towing Service, Inc. (Frank's Towing) removed the Cadillac from the scene of the accident. To get the Cadillac on the highway Frank's Towing removed

two sections of the guardrail and two supporting posts immediately adjacent to the vehicle. Frank's Towing did not replace the sections of the guardrail or the supporting posts.

About eight weeks later on November 30, 1979, Torrez was fatally injured while a passenger in a Honolulu bound automobile driven by Gayle E. Parks (Parks) on Kamehameha Highway. Parks lost control of the vehicle, which went onto the shoulder of the highway and struck the exposed end of the guardrail, left exposed and unreplaced since Poole's accident.

On November 30, 1981, Plaintiffs filed a wrongful death action against Poole, Frank's Towing, the City and County of Honolulu (City), and the State of Hawaii (State). The complaint alleged that Poole's October 4 collision and Frank's Towing's removal of a portion of the guardrail created a dangerous condition which proximately caused Torrez's fatal injuries. It also alleged that the City's and State's failure to repair or replace the guardrail and to warn of the dangerous condition proximately resulted in Torrez's death. The defendants cross-claimed against each other and the City and State filed third-party complaints against Parks.

On September 23, 1983, the trial court entered a summary judgment "on the Complaint . . . in favor of . . . Poole and against all Co-Defendants upon their Cross-Claims[.]"[1] Record, Vol. 3 at 21-22. On December 2, 1983, the trial court entered its order pursuant to Rule 54(b), Hawaii Rules of Civil Procedure (HRCP) (1981), determining "that there is no just reason for delay in entering said Judgment." *Id.* at 102. Thereafter, Plaintiffs timely appealed.[2]

I.

Under Rule 56(c), HRCP (1981), summary judgment is proper only "where, from the record, there is no genuine issue as to any material fact and movants clearly demonstrate they should prevail

---

[1] The City and Frank's Towing did not resist Poole's motion for summary judgment. The State filed its memorandum in opposition and argued against the motion at the hearing.

[2] The State did not appeal.

as a matter of law." *Hulsman v. Hemmeter Development Corp.,* 65 Haw. 58, 61, 647 P.2d 713, 716 (1982). *See also City & County v. Toyama,* 61 Haw. 156, 598 P.2d 168 (1979); *Carrington v. Sears, Roebuck & Co.,* 5 Haw. App. 194, 683 P.2d 1220 (1984). Also, the evidence in the record and the inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion. *Fernandes v. Tenbruggencate,* 65 Haw. 226, 649 P.2d 1144 (1982); *Silver v. George,* 64 Haw. 503, 644 P.2d 955 (1982); *Kang v. Charles Pankow Associates,* 5 Haw. App. 1, 675 P.2d 803 (1984). The same standard is applied on appeal. *Id.*

In reviewing a summary judgment, an appellate court's consideration of the record is limited to those materials that were considered by the trial court in ruling on the motion. Thus, the court "will not examine evidentiary documents . . . not specifically called to the attention of the trial court[.]" *Munoz v. Yuen,* 66 Haw. 603, 606, 670 P.2d 825, 827 (1983).

Moreover, we are mindful of the precept that "[q]uestions of negligence and proximate cause are ordinarily not susceptible to summary adjudication," except "where the facts are undisputed or are susceptible of only one reasonable interpretation[.]" *De Los Santos v. State,* 65 Haw. 608, 610, 655 P.2d 869, 871 (1982). *See also Bidar v. Amfac, Inc.,* 66 Haw. 547, 669 P.2d 154 (1983); *Lagua v. State,* 65 Haw. 211, 649 P.2d 1135 (1982); *McKeague v. Talbert,* 3 Haw. App. 646, 658 P.2d 898 (1983).

Applying the foregoing stringent standards, we hold that summary judgment was improper in this case.

## II.

In his quest for a summary judgment, Poole relies on alternative theories. First, he claims that he was not negligent in causing the October 4 accident. Viewed in the light most favorable to Plaintiffs, the evidence in the record and the inferences therefrom indicate otherwise.

Plaintiffs appended to their memorandum in opposition excerpts from Poole's deposition testimony. The excerpts show that Poole was driving his employer's Cadillac, which he had driven down Kipapa Gulch approximately a dozen times before. Realizing that his speed was increasing due to the slope, he began to brake

the Cadillac. Due to the wet highway, however, the vehicle began to skid and wobble. Poole put the vehicle into a lower gear, and when this proved ineffective decided to "skid [along] the guardrail to slow the car down." Record, Vol. 2 at 112.

We cannot conclude that the only reasonable interpretation of the foregoing evidence is that Poole's actions were reasonable under the circumstances and he was not negligent. Viewed in the light most favorable to Plaintiffs, a reasonable inference from the evidence is that Poole's initial rate of speed was unreasonable based on the highway conditions at the time of the accident.

Clearly, the question of Poole's negligence was for jury determination.

### III.

Poole's alternate contention is that, even if his negligence caused the October 4 accident, the intervening negligent acts and omissions of Frank's Towing, the City, the State, and Parks were causes which superseded his prior wrong as the proximate causes of Torrez's death. Plaintiffs assert, on the other hand, that the intervening acts and omissions constituted contributing proximate causes with that of Poole, rather than superseding causes.

We conclude that based on the evidence in the record proximate cause is a factual question for jury determination.

### A.

The court in *Mitchell v. Branch & Hardy*, 45 Haw. 128, 132, 363 P.2d 969, 973 (1961), stated:

The best definition and the most workable test of proximate or legal cause so far suggested seems to be this: "The actor's negligent conduct is a legal cause of harm to another if (a) his conduct is a substantial factor in bringing about the harm, and (b) there is no rule of law relieving the actor from liability because of the manner in which his negligence has resulted in the harm." Restatement, Torts, § 431; Prosser on Torts, § 47.

Where a tortfeasor claims that a rule of law regarding superseding cause relieves him of liability under the second prong of the *Mitchell* test, foreseeability will determine liability: whether the in-

tervening actor's "negligence was foreseeable" by him. *McKenna v. Volkswagenwerk,* 57 Haw. 460, 465, 558 P.2d 1018, 1023 (1977). Moreover, regarding foreseeability, *Mitchell* announced:

> "* * * It is a rare case where the court may hold, as a matter of law, that the intervening act breaks the chain of causation because whether it was reasonably foreseeable is a question of fact and not of law. The second act will break the chain of causation only where, under no rational interpretation of the evidence, could the later act of negligence have been reasonably foreseen." *Jones v. City of South San Francisco,* 96 Cal. App. 2d 427, 435, 216 P.2d 25, 30.

*Mitchell,* 45 Haw. at 139, 363 P.2d at 976-77.

### B.

Although Poole claims that the alleged intervening negligent acts or omissions of Frank's Towing, the City, the State, and Parks superseded his wrongful act and relieved him of liability as a matter of law, he failed to specify the particulars of such acts or omissions to the trial court. The memorandum in support of the summary judgment motion contains only conclusory statements that Torrez's fatal injuries were caused by the negligence of Parks, Frank's Towing, the City, and the State. It fails to point out where in the depositions, answers to interrogatories, and other documents in the record those statements are supported. *Munoz v. Yuen, supra.* Consequently, Poole failed to adequately show that the intervening acts or omissions were supervening.[3] He therefore failed to meet his burden of clearly demonstrating that he was entitled to a summary judgment.

Moreover, we cannot conclude as a matter of law that a reasonable prudent person in Poole's position could not have reasonably

---

[3] Some authorities hold that an innocent act of a third person cannot be a superseding cause, but that an act constituting a superseding intervening cause must be wrongful. Other authorities conclude that an intervening cause may supersede prior negligence as a proximate cause "without regard to whether the intervening cause is one which involves liability." 57 Am. Jur. 2d *Negligence* § 213 at 591 (1971). Here, we need not answer this question, since Poole has still failed in showing that the alleged intervening acts or omissions were superseding.

foreseen that the result of his negligent act would necessitate the removal of the guardrail, that the repair or replacement of the guardrail would not be effected immediately, that a motor vehicle would collide into the guardrail in the same location prior to its repair or replacement, and that a person in the motor vehicle would suffer mortal injuries when the vehicle collided into the exposed end of the guardrail. Therefore, foreseeability was for jury determination. *McKenna, supra; Mitchell, supra; Bigbee v. Pacific Telephone & Telegraph Co.,* 34 Cal. 3d 49, 192 Cal. Rptr. 857, 665 P.2d 947 (1983).

Where the intervening acts or omissions of multiple parties and the factual issues of negligence, proximate cause, and foreseeability are involved, we believe that an unveiling of all the evidence and resolution of the issues by a jury are preferable to summary adjudication. This is not a case "susceptible of disposition by summary judgment." *Munds v. First Insurance Co. of Hawaii, Ltd.,* 1 Haw. App. 104, 107, 614 P.2d 408, 411 (1980). *See also Waterhouse v. Capital Investment Co.,* 44 Haw. 235, 353 P.2d 1007 (1960).

Reversed and remanded for trial.

*Dennis K. Ferm (Ian L. Mattoch* with him on the brief; *Law Offices of Ian L. Mattoch,* of counsel) for plaintiffs-appellants.

*Dale W. Lee (Bert T. Kobayashi, Jr.* and *Randall Y. Yamamoto* with him on the brief; *Kobayashi, Watanabe, Sugita & Kawashima,* of counsel) for defendant-appellee.