98 P.3d 247

**Darston EDDINS, Plaintiff–Appellant,**

v.

**J. Steve MORRISON, M.D.,
Defendant–Appellee.**

No. 25235.

Intermediate Court of Appeals of Hawai'i.

June 10, 2004.

As Amended June 15, 2004.

James Ireijo, On the briefs, for plaintiff-appellant.

John S. Nishimoto and Patricia T. Fujii (Ayabe Chong Nishimoto Sia & Nakamura), on the briefs, Honolulu, for defendant-appellee.

BURNS, C.J., LIM and FOLEY, JJ.

Opinion of the Court by LIM, J.

In this medical malpractice case, Darston Eddins (Eddins) appeals the June 26, 2002 amended judgment that the circuit court of the third circuit entered in favor of J. Steve Morrison, M.D. (Dr. Morrison). Eddins contends: (1) the court was wrong when it granted Dr. Morrison's November 29, 2001 motion for summary judgment (the MSJ), and (2) the court abused its discretion when it granted Dr. Morrison's December 3, 2001 motion to strike the final naming of witnesses Eddins served on November 28, 2001 and filed on December 4, 2001 (the motion to strike).[1] We affirm.

---

1. The Honorable Greg K. Nakamura heard and orally ruled upon both motions at a December 21, 2001 hearing.

## I. Discussion.

■ Eddins contends the court's January 8, 2002 order granting summary judgment in favor of Dr. Morrison was wrong, because the expert medical opinions appended to his memorandum in opposition to the MSJ raised genuine issues of material fact as to negligence and causation. *See* Hawai'i Rules of Civil Procedure (HRCP) Rule 56(c); *Hawaii Cmty. Fed. Credit Union v. Keka*, 94 Hawai'i 213, 221, 11 P.3d 1, 9 (2000).[2] We disagree.

The affidavits attached to the MSJ, of Torrey Goodman, M.D., and Maurice W. Nicholson, M.D., to the effect that Dr. Morrison's treatment and handling of Eddins were reasonable and appropriate and met the applicable standard of care, had "the effect of . . . refuting one of the essential elements of [Eddins' causes] of action" and thus established *prima facie* that there was "no genuine issue as to any material fact and that [Dr. Morrison was] entitled to judgment as a matter of law." *Id.* (citations, internal quotations marks and block quote formats omitted). *See also* HRCP Rule 56(c).

■ Thereupon, it was incumbent upon Eddins to "come forward, through affidavit or other evidence, with specific facts showing that there is a genuine issue of material fact." *Miller v. Manuel*, 9 Haw.App. 56, 65,

828 P.2d 286, 292 (1991) (citation omitted). *See also* HRCP Rule 56(e).[3] And Eddins had to do so via expert medical testimony, *Craft v. Peebles*, 78 Hawai'i 287, 298, 893 P.2d 138, 149 (1995); *Bernard v. Char*, 79 Hawai'i 371, 377, 903 P.2d 676, 682 (App.1995), "as would be admissible in evidence[.]" HRCP Rule 56(e). *See also Blair v. Ing*, 95 Hawai'i 247, 270 n. 19, 21 P.3d 452, 475 n. 19 (2001) ("Inadmissible evidence cannot create a genuine issue of material fact." (Citations omitted.)); *Takaki v. Allied Mach. Corp.*, 87 Hawai'i 57, 69, 951 P.2d 507, 519 (App.1998) ("a motion for summary judgment may be decided only on the basis of admissible evidence" (citing *Munoz v. Yuen*, 66 Haw. 603, 605, 670 P.2d 825, 826 (1983) (per curiam))). Eddins failed to do so.

Appended to Eddins' December 12, 2001 memorandum in opposition were the opinions of Eric Weiss, M.D., and L. David Rutberg, M.D., verbatim identical except for their references to the respective board certifications, to the effect that Dr. Morrison's violations of the applicable standard of care caused the injuries claimed by Eddins. The opinions were not contained in affidavits or otherwise made under oath or penalty of perjury. Per the declaration of Eddins' counsel, the appended opinions were in fact xerox copies of the opinions he mailed or faxed to Dr. Morrison's original attorney in June or July 1999

---

2. Hawai'i Rules of Civil Procedure (HRCP) Rule 56(c) provides in pertinent part:

> The [summary] judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
>
> "We review a circuit court's grant or denial of summary judgment *de novo* under the same standard applied by the circuit court. As we have often articulated: summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Hawaii Cmty. Fed. Credit Union v. Keka*, 94 Hawai'i 213, 221, 11 P.3d 1, 9 (2000) (brack-

ets, citations and block quote format omitted) (citing HRCP Rule 56(c) (1990)).

3. HRCP Rule 56(e) provides:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

that were used in the August 4, 1999 court-annexed arbitration below.[4]

The court noted that, "at least one reason why the Court is granting the [MSJ] is that, um, the Court does not believe that [Eddins] has set forth properly, uh, facts which would raise genuine issues of material fact." The court's belief was well founded. As presented, the opinions were hearsay. Hawaii Rules of Evidence (HRE) Rule 801(3) (1993) (" 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."). As such, they would have been inadmissible at trial. HRE Rule 802 ("Hearsay is not admissible except as provided by these rules, or by other rules prescribed by the Hawaii supreme court, or by statute."). Because Eddins did not present his rebutting medical testimony by affidavit, or otherwise as would be admissible in evidence, *Miller*, 9 Haw. App. at 65, 828 P.2d at 292; HRCP Rule 56(e); *Blair*, 95 Hawai'i at 270 n. 19, 21 P.3d at 475 n. 19; *Munoz*, 66 Haw. at 605, 670 P.2d at 826; *Takaki*, 87 Hawai'i at 69, 951 P.2d at 519, Eddins failed to carry his burden, and Dr. Morrison was entitled to summary judgment as a matter of law. HRCP Rule 56(e); *Hawaii Broad. Co. v. Hawaii Radio, Inc.*, 82 Hawai'i 106, 112, 919 P.2d 1018, 1024 (App.1996); *Hall v. State*, 7 Haw. App. 274, 284, 756 P.2d 1048, 1055 (1988).

Eddins' entire argument on this point of error is as follows:

Eddins did present evidence of material questions of fact as to medical malpractice of Dr. Morrison which were already known to counsel. While the Trial Court may have felt the presentation by Eddins' counsel was not correct in form, certainly an opportunity to correct the format should have been allowed instead of the entire case being summarily dismissed. Further,

Eddins had other medical witnesses also known to defense counsel which could have proven his case *at trial* but was denied the opportunity to do so. As Dr. Morrison's counsel had notice of every expert witness to be called in the case even before the Trial Court's deadline·[for the final naming of witnesses], summary judgment was not appropriate.

Opening Brief at 6 (emphasis in the original). These averments are unavailing.

First, Eddins did not file with the court an HRCP Rule 56(f) [5] affidavit for a continuance in order to obtain, for example, the affidavits of Drs. Rutberg and Weiss or, for that matter, any other medical experts presently willing and able to opine on negligence and causation. *See Acoba v. General Tire, Inc.*, 92 Hawai'i 1, 11–12, 986 P.2d 288, 298–99 (1999) (an HRCP Rule 56(f) affidavit must provide valid reasons why a continuance is necessary and demonstrate specifically how postponement would enable rebuttal).

■ Second, the very purpose of a motion for summary judgment is to determine whether there exist any genuine issues of material fact for trial, *Miller*, 9 Haw.App. at 64–65, 828 P.2d at 292, and upon the filing of the MSJ and its supporting affidavits it was necessary for Eddins to properly raise them. When he did not, there was simply no point in going to trial.

■ "Although they carefully scrutinize the materials submitted by the moving party to ensure compliance with the requirements of Rule 56(e), HRCP (1990), the courts are more indulgent towards the materials submitted by the non-moving party." *Miller*, 9 Haw.App. at 66, 828 P.2d at 292 (citation omitted). While this is well-settled principle, under the circumstances of this case our indulgence does not extend so far as to save Eddins' complaint. We observe the court

---

**4.** J. Steve Morrison, M.D. (Dr. Morrison), prevailed in the August 4, 1999 arbitration. The authors of the opinions were not mentioned anywhere in the record until Darston Eddins (Eddins) named them in his December 4, 2001 final naming of witnesses. Eddins filed his complaint against Dr. Morrison on October 7, 1998.

**5.** HRCP Rule 56(f) provides:

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

below was more than indulgent in this regard. After orally granting the MSJ and the motion to strike, the court literally gave Eddins a second chance: "Having said that . . ., you can have your chance to try to remedy the situation, but I think it's incumbent on you to file the appropriate motion at this juncture." Eddins took no action in response. We conclude Eddins' first point of error lacks merit.

For his other point of error on appeal, Eddins contends the court abused its discretion in granting the motion to strike. *See* Rules of the Circuit Courts of the State of Hawai'i 12(*l*), 12(n), 12(*o*), 12(p) & 12.1(a)(6); *Messier v. Ass'n of Apt. Owners of Mt. Terrace,* 6 Haw.App. 525, 530, 735 P.2d 939, 944 (1987). The court orally announced this ruling immediately after granting the MSJ. Given our affirmance of the earlier ruling, this point of error is moot.

## II. Conclusion.

Accordingly, the June 26, 2002 amended judgment is affirmed.